**DOLEZILEK**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 11766.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 18, 1953.

Decided April 29, 1954.

Mr. Edmund L. Browning, Jr., Washington, D. C., for petitioner.

Mr. Walter Akerman, Jr., Special Asst. to the Atty. Gen., pro hac vice, by special leave of court, with whom Mr. Ellis N. Slack, Special Asst. to the Atty. Gen., was on the brief, for respondent.

Messrs. Christopher A. Ray, Special Attorney, Bureau of Internal Revenue, Washington, D. C., Lee A. Jackson, and Joseph F. Goetten, Special Assts. to the

Atty. Gen., entered appearances for respondent.

Before WILBUR K. MILLER, BAZELON and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a petition for review of an order of the Tax Court of the United States. The petitioner, Fannie Dolezilek, filed no Federal income tax returns for the years 1946 through 1950. On March 11, 1952, the Commissioner of Internal Revenue mailed to her by registered letter a statutory notice of deficiency in respect to the years just mentioned, pursuant to Section 272 of the Internal Revenue Code, 26 U.S.C. § 272. The letter was properly addressed. It was, however, returned by the Post Office authorities stamped "Unclaimed—Refused."[1] On April 25, 1952, a Deputy Collector went to petitioner's home and personally handed her the notice of deficiency. The taxpayer later filed a petition for redetermination with the Tax Court pursuant to Section 272. This petition was filed more than ninety days after the letter was mailed, though less than ninety days after the manual delivery of the notice. The Commissioner moved the Tax Court to dismiss the petition for lack of jurisdiction, urging the statutory ninety-day limitation.[2] The Tax Court granted the motion. Appeal was taken from the resulting order.

Petitioner interprets the statute as not requiring actual receipt of notice, and says that ordinarily the ninety-day period is to be computed from the date of the registered mailing. She argues, however, that she was misled by the fact that the letter was delivered by hand. The manual delivery, she says, led her to believe that the ninety days were to be computed from it—and consequently it should be. We cannot agree. The statute flatly says that a petition may be filed with the Tax Court within ninety days "after such notice is mailed." It makes no provision for manual delivery or for the computation of the ninety-day period from the date of such delivery. It specifically provides that "notice of a deficiency in respect of a tax imposed by this chapter, if mailed to the taxpayer at his last known address, shall be sufficient for the purposes of this chapter * * *."[3] Petitioner had, we think, no cause for confusion. Moreover, after her receipt of actual notice she could have made a timely filing in the Tax Court: some forty-five of the ninety days were left, and there is no suggestion that this was not ample.

We hold, therefore, that where a taxpayer receives actual notice of deficiency during the ninety-day period, and has adequate time remaining within that period for preparing and filing his petition, he is not entitled to compute the period from a date other than that of mailing.[4] We need not say what re-

---

1. A government memorandum introduced in evidence states that the Deputy Collector was advised by the "Postmaster" that two notices were given the petitioner that the letter was there for her and that she refused to accept it. An affidavit of the "Postmistress" states only that petitioner never claimed the registered letter.

2. Section 272 says that "the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail." Within ninety days "after such notice is mailed * * * the taxpayer may file a petition with the Tax Court of the United States for a redetermination of the deficiency."

3. The statute adds " * * * even if such taxpayer is deceased, or is under a legal

disability, or, in the case of a corporation, has terminated its existence." 26 U.S.C. § 272(k) (1952).

4. Eppler v. Commissioner, 7 Cir., 1951, 188 F.2d 95, is not to the contrary. There a notice was returned after mailing, having been wrongly addressed. The Commissioner then sent a second letter by registered mail, without advising the taxpayer of the first mailing. In the instant case, of course, the notice was properly addressed, and no second mailing was made. Compare also Commissioner of Internal Revenue v. Stewart, 6 Cir., 1951, 186 F.2d 239, 24 A.L.R.2d 793, where it was held that the taxpayer could waive strict compliance with the statutory notice provisions, and file his petition within ninety days after notice

sult would follow if actual notice is never received, or where the time remaining is inadequate. We decide only the present case. And we note that our holding here does not leave petitioner without remedy. A taxpayer, after a deficiency has been collected, can claim a refund of the amount collected and if necessary can file suit on the refund claim.[5]

■■ Petitioner further urges that as a member of the Sioux Tribe of Indians she is a ward of the United States; that the income here in question was derived from restricted trust lands under the jurisdiction of the United States; and that the Secretary of the Interior, as her guardian, should have received notice of the tax deficiency charged against her. We consider these contentions irrelevant to the issue of the Tax Court's jurisdiction.[6] Petitioner's status as an Indian cannot in any event extend the time available to her for petitioning the Tax Court, as an aggrieved taxpayer. She presented herself to the Tax Court in that capacity. One who seeks to avail himself of a special statutory remedy must comply with the conditions and time limits prescribed by the statute.

For these reasons the order of the Tax Court must be

Affirmed.

WILBUR K. MILLER, Circuit Judge (dissenting).

The question here seems to me of sufficient importance to justify a statement of the reasons why I cannot concur in the court's conclusion. Before discussing the question, I briefly summarize the facts which gave rise to it.

Mrs. Dolezilek is a full blood Sioux Indian living on the Fort Peck Reservation at or near the small town of Poplar, Montana. She is of subnormal intelligence, incapable of reading English comprehendingly. On March 11, 1952, the Internal Revenue Agent in Charge at Salt Lake City, Utah, deposited in the mail a registered letter addressed to Mrs. Dolezilek at Poplar. It contained a notice from the Commissioner of Internal Revenue that he had determined her to be liable for income taxes in the sum of $15,721.52, plus penalties aggregating $4,622.22. The letter reached the Poplar post office March 13. As Mrs. Dolezilek did not call for it within thirty days thereafter, the postmistress on April 12 returned the letter to the Internal Revenue Agent in Charge at Salt Lake City.[1] The latter then sent it on April 17 to the Collector of Internal Revenue at Helena, Montana, with the request that it be delivered to Mrs. Dolezilek by a deputy collector. Such delivery was made April 25.

On June 16 Mrs. Dolezilek filed with the Tax Court a petition for redetermination of the proposed assessment. This was only sixty-two days after she had actually received the deficiency no-

was mailed to his attorney. Neither case answers the question presented in the present one.

5. See Stebbins' Estate v. Helvering, 1941, 74 App.D.C. 21, 121 F.2d 892.

6. It is not necessary for purposes of this case to decide whether or not an Indian situated as is the petitioner is subject to Federal taxes on his income. That is a question which may perhaps be settled in appropriate proceedings. Cf. Choteau v. Burnet, 1931, 283 U.S. 691, 51 S.Ct. 598, 75 L.Ed. 1353; Superintendent Five Civilized Tribes v. Commissioner, 1935, 295 U.S. 418, 55 S.Ct. 820, 79 L.Ed. 1517; Jones v. Taunah, 10 Cir., 186 F.2d 445, certiorari denied, 1951, 341 U.S. 904, 71 S.Ct. 613, 95 L.Ed. 1343; Strom v.

Commissioner, 6 T.C. 621, affirmed per curiam, 9 Cir., 1947, 158 F.2d 520.

1. The postmistress noted on the envelope "Second notice given" and checked on the rubber-stamp imprint of reasons for returning to the sender the words "Unclaimed" and "Refused." The postmistress' affidavit shows, however, that Mrs. Dolezilek did not refuse to accept the letter; she simply did not go or send to the post office to get it. How the two notices were given does not appear, but it is common knowledge, of course, that the notice of arrival of a registered letter which is sent to the addressee by the post office does not name the sender, does not show the place of mailing, and does not in any way describe the letter.

tice, but it was ninety-seven days after the registered letter was mailed March 11. Because § 272 provides that "Within ninety days after such notice is mailed * * * the taxpayer may file a petition with the Tax Court of the United States for a redetermination of the deficiency," the Tax Court granted the Commissioner's motion to dismiss the petition.

The basic question presented by the factual situation is: Does the mere mailing of a registered deficiency letter which, through no fault of the taxpayer, is not delivered to him but is returned to the sender, constitute notice that the Commissioner of Internal Revenue has made a deficiency determination so as to set in motion the ninety-day period within which, under § 272, the taxpayer may ask the Tax Court to review the determination?[2]

My brothers of the majority answer the question in the affirmative, but they qualify their answer by saying the ninety-day period of limitation began to run against Mrs. Dolezilek when the undelivered letter was mailed, because forty-five days later she received actual notice of the deficiency. This left her ample time, they say, to prepare and file her petition in the Tax Court. Thus the majority refrain from squarely holding that limitation begins to run if notice is completely lacking. But still they rule that the mailing of the undelivered registered letter causes the commencement of the limitation period, provided only that actual notice of deficiency is given to the taxpayer at a later date which is not too late. This seems to me to rewrite the statute which gives the taxpayer ninety days to prepare and file his petition. Congress apparently thought the full period should be allowed. Moreover, my colleagues place upon the Tax Court the difficult duty of deciding, in each case such as this, whether the unexpired portion of the original ninety-day limitation period is long enough to afford the taxpayer a fair opportunity to apply to the Tax Court for relief. The legislative duty to fix a limitation period is imposed on the Tax Court for determination on an *ad hoc* basis.

I suggest further that, regardless of the restriction the majority place upon their ruling, it remains a holding to this effect: That the ninety-day period for petitioning the Tax Court begins to run when the registered deficiency letter is mailed, although the post office fails to deliver it to the addressee and returns it to the sender; and that this is true even in a case like this where an ignorant, illiterate addressee did not willfully refuse to accept the registered letter, but merely failed to call for it after two notices of its arrival, which she may never have received and may not have understood if she did receive them. Thus efficacy as notice is attributed to the physical act of mailing regardless of nondelivery. The holding means that, if a mail sack containing a deficiency notice were burned or otherwise destroyed in transit, the taxpayer who never received it would be barred from the Tax Court ninety days after the letter was mailed.[3]

I am unwilling to believe Congress intended such an unfair result. Nor do I believe the statute either requires or permits it. The Commissioner is authorized

**2.** The majority say Mrs. Dolezilek concedes in her brief that actual notice is not necessary, and that the ninety-day period would be properly computed from the date the undelivered registered letter was mailed, had she not been misled by a subsequent manual delivery of the notice. I do not believe the majority's reference to such concessions means they base their decision upon them, for the case should not be decided on improvident admissions of counsel concerning the meaning of the statute. Conces-

sion by counsel that an erroneous interpretation is correct does not establish it as sound and, of course, does not preclude us from correctly construing the statute.

**3.** In such a case the undelivered letter would not be returned to the sender, and presumably he would not later give actual notice by manual delivery, as he probably would never know of non-delivery. Nevertheless, consistency would require in those circumstances the same holding as in the present case.

"to send notice" by registered mail [4] and the taxpayer is permitted to seek redetermination within ninety days thereafter. This indicates to me a legislative intent that the notice must actually reach the taxpayer—unless he willfully refuses to accept it—before limitation begins to run from the date of mailing. One cannot be expected to petition for review of an assessment of which he knows nothing. The purpose of notice is to inform. A notice sent out but not received gives no information to the addressee, and ought not to start the running of limitation so as to reduce the period for appeal, or perhaps entirely to nullify the right to seek the review which the statute confers. This view is supported by Commissioner of Internal Revenue v. Stewart, 1951, 186 F.2d 239 at page 241, in which the Court of Appeals for the Sixth Circuit said:

"* * * It is clear that the purpose of the deficiency notice is to give the taxpayer notice that the Commissioner means to assess a deficiency tax against him and to give him an opportunity to have such ruling reviewed by the Tax Court before it becomes effective. Commissioner [of Internal Revenue] v. New York Trust Co., 2 Cir., 54 F.2d 463, 465; Commissioner [of Internal Revenue] v. Forest Glen Creamery Co., 7 Cir., 98 F.2d 968, 971; Olsen v. Helvering, 2 Cir., 88 F.2d 650, 651. In addition to giving the taxpayer notice of the proposed deficiency assessment, the mailing of the deficiency notice limits the period of time thereafter to ninety days in which the taxpayer can have the question reviewed by the Tax Court. If the taxpayer receives notice of the proposed assessment, and during the ninety-day period thereafter files his petition for review with the Tax

Court, the purposes of the Act have been accomplished. * * *"

So, my opinion is that Congress intended to permit an application to the Tax Court within ninety days after the mailing of a final or ninety-day deficiency letter which was actually delivered to the taxpayer by the post office; [5] and, in the absence of notice by registered letter, within ninety days after the taxpayer's actual receipt of notice delivered to him by some other method. Section 272 does not, as the majority say, provide for manual delivery. But such delivery is not forbidden, and the use of registered mail is not made exclusive. The essential thing is that the taxpayer have notice, and not that he have it in any particular way. I think Mrs. Dolezilek is entitled to her day in the Tax Court.

---

4. The designation of registered mail is significant. If delivery is unimportant, ordinary mail would suffice.

5. To be sure, the ninety-day period for applying to the Tax Court is slightly shortened by computing it from the day of mailing. Ordinarily no hardship would result, because deficiency notices mailed from regional offices would normally be delivered to the addressee within two or three days after mailing.