ROSEWOOD HOTEL, INC., Petitioner,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 16509.

United States Court of Appeals
Ninth Circuit.

March 4, 1960.

James J. Arditto, Los Angeles, Cal., for petitioner.

Howard A. Heffron, Acting Asst. Atty. Gen., Loring W. Post, Lee A. Jackson, Robert N. Anderson, Charles B. E. Freeman, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before STEPHENS, BARNES and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

Before us is a petition to review orders of the Tax Court of the United States dismissing for lack of jurisdiction petition for redetermination of deficiency in federal income and excess profits tax and penalty.

The jurisdiction of this Court is invoked under Section 7482 of the Internal Revenue Code of 1954, Title 26 U.S.C.A. § 7482.

The petitioner filed its federal income and excess profits tax return for the fiscal year ended November 30, 1954 and its income tax return for the fiscal year ended November 30, 1955, with the District Director of Internal Revenue, Los Angeles, California. The Commissioner of Internal Revenue determined a deficiency in tax for each of said years, and on June 12, 1958 sent by registered mail to the petitioner at 3421 West Second Street, Los Angeles 4, California, a notice of deficiencies in tax for said years. The registered letter was returned to the respondent marked "not known at this address".

On July 17, 1958, this same notice of deficiency was personally served at Los Angeles, California upon Nathan Stein, an officer and director of petitioner. On October 3, 1958, petitioner mailed to the Tax Court its petition for redetermination, which petition was received and filed on October 7, 1958.

The Commissioner filed with the Tax Court a motion to dismiss the petition on the ground that the Tax Court lacked jurisdiction because of the failure of petitioner to file the petition for redetermination within 90 days after the mailing on June 12, 1958 by registered mail of the notice of deficiency. Those portions of Section 272(a) (1) of the Internal Revenue Code of 1939, which apply to the taxable year ended November 30, 1954, and those portions of Sections 6212 and 6213 of the Internal Revenue Code of 1954 [Title 26 U.S.C.A. §§ 6212 and 6213], which apply to the taxable years ended November 30, 1955, relating to the requirement of sending a notice and of the filing of a petition for redetermination with the Tax Court, provide, in substance, that the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail directed to the taxpayer at his last known address, and that within 90 days after such notice is mailed the taxpayer may file a petition with the Tax Court of the United States for a redetermination of the deficiency. The pertinent parts of these sections are substantially the same.

In opposition to the Commissioner's motion to dismiss petitioner's petition for redetermination for lack of jurisdiction, petitioner filed with the Tax Court the affidavit of Nathan Stein, stating that on the 17th day of July, 1958 there was personally served upon him the statutory notice of deficiency dated June 12, 1958 directed to petitioner. In its opposition to the motion to dismiss petitioner asserted that the petition for redetermination was timely filed and requested that a hearing on the motion be held at Los Angeles, California.

The Tax Court denied the request for the hearing and dismissed the petition for redetermination for lack of jurisdiction, because not timely filed.

Thereafter petitioner moved the Tax Court to vacate the order of dismissal and for a hearing on such motion to be held at Los Angeles, California, instead of Washington, D. C.

The motion to vacate the order of dismissal was based on the ground that 3421 West Second Street, Los Angeles 4, California, the address to which the notice of deficiency was sent by registered mail on June 12, 1958, was not the address of petitioner last known to the Commissioner, but that on June 12, 1958 the Commissioner had knowledge that such notice should be sent to Nathan Stein, at Temple Hospital on Hoover Street, Los Angeles, California. The motion of petitioner to vacate the order of dismissal further stated that the mailing of the notice of deficiency to petitioner at 3421 West Second Street, Los Angeles 4, California, was unknown to petitioner at the time of the filing of its opposition to the motion of the Commissioner to dismiss the petition for redetermination for lack of jurisdiction, and that petitioner acquired knowledge of such fact only after the order of dismissal had been entered by the Tax Court. It is further stated in the motion that on June 12, 1958, the fact was known to the Commissioner that any notice of deficiency against the petitioner should be sent to Nathan Stein, at Temple Hospital, Los Angeles, California, and that such fact could and would be established by the testimony of several named persons, including two revenue agents who had made an audit of petitioner's affairs in connection with the fiscal years involved.

The motions to vacate the order of dismissal and for a hearing at Los Angeles, California were denied by the Tax Court for the following stated reasons:

"The petitioner, apparently, does not realize that the Tax Court would have no jurisdiction in this case if he proved that the Commissioner failed to mail a notice of deficiency to the petitioner by registered mail at its address last known to the Commissioner, or that the notice of deficiency was not mailed to the petitioner's last known address within the knowledge of the Commissioner but was mailed by registered mail to some other address, was

returned to the sender by the post office and then was delivered to the petitioner in some way other than by registered mail. Thus, the order of dismissal for lack of jurisdiction already entered in this case is proper regardless of whether it is justified on the ground that the petition had not been filed within 90 days of the date of the mailing of the notice of deficiency by registered mail or that the Commissioner never mailed a notice of deficiency by registered mail to the petitioner's last known address.

"The petitioner has requested that the hearing on its motion be heard at Los Angeles whereas the Clerk of the Court had already set the motion for hearing in Washington on April 8, 1959. But it is now clear to the Court that the petitioner has not given any meritorious reason for having a hearing at any place on this particular motion.

"After due consideration, the motion to vacate is denied and the notice setting that motion for hearing in Washington on April 8, 1959, is cancelled."

Thereafter petitioner's motion for rehearing was denied by the Tax Court.

The issue presented to the Tax Court on petitioner's motion to vacate the order of dismissal was whether the statutory notice was sent to the petitioner "at his last known address". This issue was never passed upon by the Tax Court. Instead the Tax Court simply stated that it lacked jurisdiction either on the ground that the petition for redetermination was not timely filed after the mailing of the registered letter on June 12, 1958, or on the ground that the Commissioner failed to mail a notice of deficiency to the petitioner by registered mail to its address last known to the Commissioner. The denial of the motion to vacate the order of dismissal left standing the order for dismissal on the ground that the petition was not timely filed. The order of dismissal for late filing, in the language of D'Andrea v.

Commissioner of Internal Revenue, 1959, 105 U.S.App.D.C. 67, 263 F.2d 904, at page 906, "in effect denied a redetermination by the Tax Court and implicitly left the Commissioner's determination of deficiency effective and unreviewable". Admittedly the notice of deficiency mailed on June 12, 1958, by registered mail to the petitioner was never received by the petitioner because the envelope was returned to the Commissioner with the notation "not known at this address". The fact that the notice of deficiency personally served on Nathan Stein was dated June 12, 1958, does not impute knowledge to petitioner that the same notice was mailed by registered mail on that date. The petition for redetermination filed with the Tax Court was filed within 90 days after the personal service on Nathan Stein. The petitioner's motion to vacate the order of dismissal raised an issue as to petitioner's address "last known to the Commissioner," of which issue the petitioner was unaware at the time of filing its opposition to the Commissioner's motion to dismiss for lack of prosecution. This Court is in no position to resolve that issue from the record in this case. It is an issue which can only be resolved by the Tax Court after a hearing.

The petitioner urges that in the event this Court should remand the case to the Tax Court for a hearing on the issue above stated that it further direct the Tax Court, in the event the Tax Court should resolve such issue in favor of petitioner, to dismiss the petition for redetermination because of the failure of the Commissioner to mail the notice to the address of petitioner last known to the Commissioner or to proceed in accordance with the decision of this Court in Boren v. Riddell, 9 Cir., 1957, 241 F.2d 670. This we decline to do. Attention, however, is called to the following language of that opinion, appearing at page 674:

"Our conclusion herein as to the sufficiency of the notice is based upon the circumstances of this case and our reasoning is not meant as

authority for holding that actual notice is sufficient in all cases where another specific kind of notice is prescribed."

The case is remanded to the Tax Court with directions:

(a) To vacate:

(1) The order dismissing the petition;

(2) The order denying the motion to vacate said order of dismissal; and

(3) The order cancelling the notice setting petitioner's motion for hearing.

(b) To enter an order granting petitioner's motion for a hearing on the issue of whether the notice sent by the Commissioner to the petitioner by registered mail on June 12, 1958, was sent to the address of petitioner last known to the Commissioner.

Said hearing shall be fixed at such time and place as the Tax Court in its discretion shall determine. Should the Tax Court determine that it lacks jurisdiction to entertain the petition its order of dismissal should specify the grounds therefor.