**William I. TENZER, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 16513.**

United States Court of Appeals
Ninth Circuit.

Dec. 30, 1960.

Boldt, District Judge, dissented.

---

Ernest R. Mortenson, Pasadena, Cal., for petitioner.

Howard A. Heffron, Acting Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Charles B. E. Freeman,

Attys., Dept. of Justice, Washington, D. C., for respondent.

Before CHAMBERS and KOELSCH, Circuit Judges, and BOLDT, District Judge.

CHAMBERS, Circuit Judge.

Tenzer contends that he has a right to litigate in the Tax Court a deficiency determination on his 1952 federal income taxes because he filed there a petition for review within 90 days [1] after personal service [2] upon him of a copy of the Commissioner's notice which was adverse to him. This notice is commonly called the 90-day letter. But the Commissioner says, "No." He relies on the fact that the collector, 28 days before the personal service, had placed in the mail [3] the same notice addressed to Tenzer at his correct address in Los Angeles.[4] The Commissioner counts the 90-day period to petition in Tax Court from the date of mailing the notice. However, the taxpayer never receipted for the notice, which was sent by registered mail, and in due course it was returned to the district collector. If the postman tendered the letter to Tenzer, the record does not so show.

The Tax Court has agreed with the Commissioner that the petition for review came too late and has dismissed for want of jurisdiction.

We have a difficult statute or statutes to interpret. The taxpayer relies on Sections 6212 and 6213 of the Revenue Code of 1954. The Commissioner says the question should be resolved under

1. By Section 7502 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7502, timely mailing of a petition for review is the equivalent of timely receipt by the Tax Court in Washington.

2. The personal delivery was made on July 24, 1958.

3. The mailing occurred on June 26, 1958.

4. The 1952 return was made jointly by Tenzer and his former wife, Catherine. By 1958, the year of the notices here involved, she had divorced her husband and remarried one Cameo. As Mrs. Cameo, she refused to join in June, 1958, with her former husband in signing the standard form of waiver of the statutory time for assessment. Apparently, on June 30, 1958, the Commissioner was faced with the statute of limitations. Thus, he desired to serve the deficiency notice before that date. We would infer that there had been one waiver signed by both taxpayers at a date prior to 1958. The 1952 return was filed on a calendar year basis. Any applicable statute of limitations would have expired on March 15 of some year, we assume, if there had not been some waiver setting up a June 30 anniversary date.

Section 272, as amended, of the Internal Revenue Code of 1939. We incline to the view that the 1939 Code is the appropriate one, although it is evident that the same result should be reached under either code. The critical section is as follows:

"Internal Revenue Code of 1939:

"Sec. 272 [as amended by Sec. 203, Act of December 29, 1945, c. 652, 59 Stat. 669]. Procedure in general.

"(a) (1) *Petition to The Tax Court of the United States.*—If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send•notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Saturday, Sunday or a legal holiday in the District of Columbia as the ninetieth day), the taxpayer may file a petition with the Tax Court of the United States for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 3653(a) the making of such assessment or the beginning of such proceeding of distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court. In the case of a joint return filed by husband and wife such notice of deficiency may be a single joint notice, except that if the Commissioner has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, duplicate originals of the joint notice must be sent by registered mail to each spouse at his last known address.

\* \* \* \* \* \*

"(f) *Further deficiency letters restricted.*—If the Commissioner has mailed to the taxpayer notice of a deficiency as provided in subsection (a) of this section, and the taxpayer files a petition with the Tax Court within the time prescribed in such subsection, the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year, except in the case of fraud, and except as provided in subsection (e) of this section, relating to assertion of greater deficiencies before the Tax Court, or in section 273(c), relating to the making of jeopardy assessments. \* \* \*

\* \* \* \* \*

"(k) *Address for notice of deficiency.*—In the absence of notice to the Commissioner under section 312(a) of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by this chapter, if mailed to the taxpayer at his last known address, shall be sufficient for the purposes of this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence." 26 U.S.C.1952 ed., § 272.

Our problem arises from the very first sentence of subdivision (a) (1) with its phrase: " \* \* \* [T]he Commissioner is authorized to send notice of such deficiency \* \* \* by registered mail \* \* \* " In view of the fact that the predecessor statute in 1924 provided that "taxpayer shall be notified by registered

mail," [5] something different was meant when the language we now live with was changed in 1926 [6] to read that registered mail is "authorized." But no guide for the impliedly authorized notice by some other form is given. And disturbing is the fact that other references in this section and elsewhere [7] are only to the "mailing."

There are some cases in the field now which do not wholly leave our hands untied. This case is very much like Dolezilek v. Commissioner, 94 U.S.App.D.C. 97, 212 F.2d 458, of which this court took notice in Boren v. Riddell, 9 Cir., 241 F.2d 670,[8] and indicated approval of the minority opinion.

We see a consistent pattern in the cases that the Commissioner customarily uses registered (or now certified) mail. Well he may, because with that he has some idea where he stands under the statute.

In approaching this case, it should be pointed out that in its brief in Boren, supra, the Commissioner plainly took the position that actual notice was necessary. (Boren had it.) Now he contends that the mailing to Tenzer was enough without actual delivery, impliedly, we think, repudiating his arguments in Boren. In fairness to the Commissioner, we state his position here is not incompatible with the majority opinion in Dolezilek, supra.

Under the circumstances, where we think we must hold that the later personal delivery is a valid notice, we also hold when the notice was correctly addressed, registered and mailed that the first notice was not wholly void. (For example, it was probably good enough to arrest the statute of limitations.) And when the Commissioner chose personal service, he abandoned the other method. We hold the abandonment occurred the moment of actual personal service. Further, we hold a new 90-day period then started to run for filing a petition for review in the Tax Court. Cf. Eppler v. Commissioner of Internal Revenue, 7 Cir., 188 F.2d 95.

If the charge be made that we take liberties with the statute, it may be so. Anyone should try to make it work. And we have sought the true meaning of Congress, believing it intended to make it work.

The orders of the Tax Court dismissing for lack of jurisdiction are reversed.

BOLDT, District Judge (dissenting).

Statutory deficiency notice for the tax year 1952 was posted by registered mail to petitioner's correct address on June 26, 1958. The postal service failed to deliver the notice letter, which some time later was returned to the Commissioner. On July 24, 1958 a copy of the deficiency notice bearing date of June 26, 1958 was delivered to petitioner in person.

Under the statutes and decisions cited in the majority opinion, registered mailing to a proper address of the 90-day letter is valid constructive notice to the taxpayer, whether or not the letter is actually received by the taxpayer. The period within which the taxpayer may petition for review in the tax court commences with such mailing date.

It may be that a constructive deficiency notice effective as of its mailing date is voided or superseded by a later new notice, whether constructively or personally served. It seems to me that a new notice does not result merely from delivery of a copy of the mailed notice. Nothing more than that occurred in the present case. Personal delivery to the taxpayer of a copy of the mailed notice bearing date of the mailing thereof although not specified as such, did not purport to be, and on its face was not, a new notice. It merely conveyed to the taxpayer actual knowledge of the mailed notice. There was nothing in the per-

5. Section 274(a) Internal Revenue Act of 1924.

6. Section 274(a), Internal Revenue Act of 1926.

7. E. g., 26 U.S.C.A. § 6503.

8. See also Bloch v. Commissioner, 9 Cir., 254 F.2d 277, and Rosewood Hotel, Inc., v. Commissioner, 9 Cir., 275 F.2d 786.

sonally served copy of notice to mislead or deceive petitioner and upon its delivery he was better informed of the mailing than if he had not received it at all. If tax court review was being considered, the delivered copy of notice, which bore its correct mailing date, at least required petitioner to make immediate inquiry as to when and how he should proceed. There does not appear to be any reason in law or fact for vitiating, or postponing effective date of, the deficiency notice which was both mailed and served upon the taxpayer. If so, the dismissal order of the tax court ought to be affirmed.