Joseph Delman and Jeanette Delman v. Commissioner.
Delman v. Commissioner
Docket No. 1844-65.
United States Tax Court
T.C. Memo 1966-59; 1966 Tax Ct. Memo LEXIS 220; 25 T.C.M. (CCH) 328; T.C.M. (RIA) 66059; March 22, 1966
*220 Respondent mailed a notice of deficiency to the petitioners in care of their accountant, the address petitioners used on their 1961 return. Held: The purpose of sec. 6212, I.R.C. 1954, is to establish a procedure which results in a high probability that taxpayers will receive notice of any deficiency. Under all the facts and circumstances, respondent acted reasonably, and petitioners had an adequate opportunity to file a timely petition. Martin D. Cohen, 744 Broad St., Newark, N.J., for the petitioners. Leo A. Burgoyne, for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: In this proceeding, the petitioners and the respondent have both filed motions to dismiss for lack of jurisdiction. The petitioners contend that the notice of deficiency was not valid because it was not mailed to them in accordance with section 6212 of the Internal Revenue Code of 1954; [1] and the respondent seeks dismissal on the ground that the petition was not filed timely. Findings of Fact Some of the facts were stipulated and those facts are so found. Petitioners, Joseph and Jeanette Delman, are husband and wife. They filed their joint income tax returns with the district director of internal revenue at Newark, New Jersey, for the taxable years 1960 and 1961. During April 1961, the petitioners resided at 67 Clinton Avenue, Millburn, New Jersey. During that month, they filed *222 a return for the calendar year 1960 in which they set forth such address as their home address. In the latter part of 1961, the petitioners moved. In January 1962, they resided at 1604 Juniper Avenue, Elkins Park, Pennsylvania, and continued to reside at such address until the time of this proceeding. On the face of their income tax return for 1961, filed in April 1962, the petitioners entered the following in the space labeled "home address": c/o Goodman, Israelow & Lipton, 249 Clinton Ave., Newark, N.J. Such address was also written on six other pages of their 1961 income tax return. However, on Schedule SE (U.S. Report of Self-Employment Income) of the same return, the petitioners wrote in 1604 Juniper Ave., Elkins Park 17, Pa., as their home address. In late 1962 or early 1963, revenue agent Nicholas Russo was assigned to examine petitioners' 1961 return. In the course of this examination, the taxable year 1960 was reopened. At the outset of this audit, Russo sent a letter to petitioners, which he addressed to Goodman, Israelow & Lipton, 249 Clinton Avenue North, Newark, New Jersey. This letter was acknowledged by telephone by Goodman, who informed Russo that he represented *223 the taxpayers and agreed to an examination on the date suggested by Russo. A conference was held between Russo and Goodman at which time the latter did not indicate that Russo's letter had been misaddressed. The date of this conference is not established. On two occasions in 1963, the Newark, New Jersey, office of the Internal Revenue Service mailed a Form L-20 to the petitioner. On April 2, 1963, the second such form was mailed to petitioner Joseph at 67 Clinton Ave., Millburn, N.J. This form informed the taxpayer that the district director at Newark had no record of taxpayer's return for 1961. It requested information on where such return was filed and the taxpayer's address, if different from 67 Clinton Avenue, Millburn. This letter was addressed to petitioner Joseph only. The petitioner responded that he had filed a return for 1961 in Newark, New Jersey. He further replied that his address was different than 67 Clinton Avenue and that it was 1604 Juniper Ave., Elkins Park, Pa. This letter was mailed to the district director in a self-addressed envelope supplied by the Revenue Service. In their 1962 and 1963 income tax returns, petitioners gave their address as 1604 Juniper *224 Avenue. The record does not disclose with which district director's office these returns were filed. In the latter part of 1963, Russo was orally advised by Goodman that the taxpayers' residence was 1604 Juniper Avenue, Elkins Park, Pennsylvania. The agent dealt with and met Goodman as representative of the taxpayers even before a power of attorney was on file with the Service. Russo noted the Elkins Park address in his report to the taxpayer inviting him to appear before the district director. In the early part of February 1964, Russo had a Form 872 prepared. The execution of this form waived the statute of limitations for the taxable year 1960 and permitted assessments for that year at any time on or before December 31, 1964. In the blank labeled "Street address," Russo made the following entry: Formerly: 67 Clinton Avenue, Millburn, New Jersey
Presently: 1604 Juniper Avenue, Elkins Park, Pennsylvania This form was sent to the petitioners in care of Goodman, Israelow & Lipton. Russo testified that the Elkins Park address used by him was obtained from conversations with Goodman. The form was signed by the petitioners and returned to the Internal Revenue Service, where it was *225 affixed to the 1960 return and has continually remained so affixed throughout the period of time here material. On June 2, 1964, a power of attorney was executed in favor of Martin D. Cohen, counsel for the petitioners in this case, and Edward Goodman. That power of attorney provides in part as follows: POWER OF ATTORNEY Known All Men by These Presents, that We, JOSEPH DELMAN and JEANETTE DELMAN do by these presents hereby make, constitute and appoint MARTIN D. COHEN, 744 Broad Street, Newark, New Jersey, and EDWARD GOODMAN, 294 Clinton Avenue, Newark, New Jersey their agents and attorneys, our true and lawful attorneys to appear for and represent us before the Treasury Department in connection with any matter involving and federal taxes in which we are a party, and more particularly income taxes for the taxable years 1960 to 1963, inclusive, giving the said attorney full power to do everything necessary to be done in the premises with full power of substitution or revocation, at any time subsequent to the date hereof, and prior to the revocation hereof, including, without limiting the generality of the foregoing, the power to request, receive and inspect all documents; to receive *226 refund checks; to file returns; and to execute closing agreements, protests, consents extending any period of limitations, and any waiver of restrictions on assessment or collection of any tax, as fully and to all intents and purposes as we might do. It is requested that a copy of all communications addressed to the undersigned, regarding any matter in which said attorney hereby authorized to act, be addressed to Martin D. Cohen, Room 1602, 744 Broad Street, Newark 2, New Jersey. All powers of attorney for this purpose heretofore filed or executed by the undersigned are hereby revoked. In June of 1964, Cohen appeared on behalf of the petitioners at an informal conference with Russo. At no time did Cohen advise Russo that any communications to the petitioners should be addressed to 1604 Juniper Avenue, Elkins Park. In October 1964, Russo had a new Form 872 prepared and sent to Cohen. If executed by the petitioners and accepted by the respondent, this form would have waived the statute of limitations with respect to the taxable year 1960, and permitted an assessment on or before December 31, 1965. Russo's primary reason for sending the form to Cohen was because Cohen had submitted *227 the power of attorney and had appeared on behalf of the petitioners at the conference. In the space labeled "Street address," Russo entered the following: Formerly: 67 Clinton Avenue, Millburn, N.J. Presently: 1604 Juniper Ave, Elkins Park, Pa.
In placing this address on the form, Russo referred to the 1960 and 1961 returns, the information that Goodman had given him, and a notation Russo had made in his administrative file. The notation was made after receipt of the power of attorney. The petitioners signed this form on October 27, 1964, but it was never submitted to the Internal Revenue Service. On November 12, 1964, agent Russo forwarded an information report to the district director of internal revenue at Philadelphia. Russo's purpose in sending this report was to convey certain information to the district director. This report stated the following under the caption "Name and Address (As it appears on return)": Joseph & Jeanette Delman, 1604 Juniper Ave., Elkins Park, Penn. Under the caption "Remarks and Information Obtained," the report stated, "taxpayer presently residing in your district." Under the caption "Source of Information" there is a blank labeled "Name and *228 Address of Source." In that blank, the following was entered: Joseph & Jeanette Delman, c/o Goodman, Israelow & Lipton, 249 Clinton Ave., Newark, N.J.
A notice of deficiency dated December 23, 1964, relating to the petitioners' taxable years 1960 and 1961, was sent by certified mail on December 23, 1964, addressed as follows: Mr. Joseph Delman and, Mrs. Jeanette Delman, Husband and Wife, c/o Goodman, Israelow & Lipton, 249 Clinton Avenue, Newark, New Jersey
A copy of the deficiency notice was also sent by ordinary mail on December 23, 1964, to Cohen. This copy of the notice and the respondent's covering letter were received by Cohen on December 24, 1964. The notice of deficiency was received by the accounting firm of Goodman, Israelow & Lipton on December 24, 1964, and forwarded on the same day by Edward Goodman, a partner in the accounting firm, to Cohen. Cohen received the original notice of deficiency on Monday, December 28, 1964, from Goodman. Later that day, Cohen telephoned petitioner, Joseph Delman, at the latter's office in Philadelphia, Pennsylvania, and advised him of the facts. Cohen forwarded a copy of the notice of deficiency to the petitioners some time during *229 the week of December 28, 1964. The copy of the notice of deficiency was received by petitioners on January 4, 1965, but the petitioner Joseph did not see the original notice until the hearing in this proceeding. On April 5, 1965, petitioners filed a petition with this Court. Opinion In disposing of these motions, the pertinent provisions of the Code are sections 6212 and 6213. Under section 6212(a), the respondent is authorized to send the taxpayer a notice of deficiency by registered or certified mail. Section 6212(b)(1) provides, that if the notice of deficiency is mailed to the taxpayer at his last known address, it is effective, irrespective of whether the taxpayer is deceased or incapacitated. Section 6213(a) provides, among other things, that within 90 days from the mailing of the notice authorized by section 6212, the taxpayer may file a petition with this Court for redetermination of the deficiency. If we grant either motion, there will be a dismissal on jurisdictional grounds. However, the consequences of granting respondent's motion are quite different than those of granting the petitioners' motion. See Rosewood Hotel, Inc. v. Commissioner, 275 F. 2d 786 *230 (C.A. 9, 1960), reversing an unreported order of this Court; D'Andrea v. Commissioner, 263 F. 2d 904 (C.A.D.C., 1959), reversing an unreported order of this Court. Therefore, we shall consider the petitioners' motion first, and not consider dismissal for late filing unless a valid deficiency notice has been issued. This procedure has been adopted by the Tax Court in similar circumstances. John W. Heaberlin, 34 T.C. 58, (1960), acq. 1960-2 C.B. 5. The petitioners contend that the deficiency notice is invalid because it was not sent to their last known address, and that the power of attorney filed with the Internal Revenue Service was neither an authorization, nor a request, that deficiency notices be sent to petitioners' accounting firm. They have also argued that section 6212 is mandatory unless waived, and requires the respondent to mail the deficiency notice by registered or certified mail to the petitioners' last known address. The respondent has countered that the notice of deficiency was properly addressed and therefore valid. In addition, the respondent urges that the notice is valid even if not sent to petitioners' last known address, *231 because it was received by the petitioners in ample time to assert their case before the Tax Court. The procedural provisions of sections 6212 and 6213 have existed for many years in substantially their present form. The courts have been confronted with many questions concerning their interpretation and application - such as, whether a valid notice of deficiency can be transmitted only by registered or certified mail, and whether such mailing has been to the taxpayer at an address last known to the Commissioner. In the course of answering these questions, the courts have examined the procedural provisions of the Code and concluded that their purpose is to establish a procedure which results in a high probability that the taxpayer will receive notice of any deficiency determined against him. Clement Brzezinski, 23 T.C. 192 (1954). The courts have attempted to carry out the purpose of those provisions by examining all the facts and circumstances of each case. See Langdon P. Marvin, Jr., 40 T.C. 982 (1963); Bert D. Parker, 12 T.C. 1079 (1949). We must, therefore, examine all the facts and decide whether the respondent acted reasonably in attempting *232 to notify the taxpayer of the deficiency, and whether the taxpayer had a reasonable opportunity to file a timely petition with this Court. Dolezilek v. Commissioner, 212 F. 2d 458 (C.A.D.C., 1954), affirming an unreported order of this Court; Daniel Thew Wright, 34 B.T.A. 84 (1936), affd. 101 F. 2d 309 (C.A. 4, 1939). After examining the facts of this case, we conclude that the respondent acted reasonably when he mailed the deficiency notice by certified mail to the petitioners in care of their accountant, and a copy to their attorney by regular mail. The accountant's firm name and address was stated as the petitioners' home address on the face of the 1961 return and on six other pages of the return. The same return also reported the petitioners' Elkins Park address as their home on Schedule SE (U.S. Report of Self-Employment Income). Thus, the respondent's employees could reasonably infer that the petitioners intended them to send any communication concerning taxable year 1961 to their accountant, and that the petitioners were residing at the Elkins Park address. If the respondent had sent a notice of deficiency to the petitioners in care *233 of their accountant after the filing of their 1961 return, but before the occurrence of any other events, it would be clear that the notice was sent to them at their last known address. What happened subsequently surely did not constitute a change in the facts that could reasonably be inferred from the 1961 return. At the outset of audit, Russo, the revenue agent, sent a letter to the petitioners in care of their accountant, Goodman. The respondent received a telephone reply from Goodman stating that he was authorized to act for the taxpayers and that he agreed to an informal conference. Goodman dealt with the respondent at that conference thereby confirming what was indicated by the petitioners' 1961 tax return - namely, that any inquiry or notice concerning such return should be sent to Goodman. At no time did Goodman indicate that notices to the petitioners should be sent to Elkins Park. What Goodman did tell respondent was that the taxpayers resided at Elkins Park, a fact already known to the respondent. In April 1963, the respondent directed a letter to the petitioners' old residence, 67 Clinton Avenue, Millburn, New Jersey. This form letter requested information with respect *234 to taxable year 1961 and inquired whether Joseph's address differed from 67 Clinton Avenue, Millburn, New Jersey. The petitioner responded to the district director at Newark by filling in his Elkins Park address on the form requesting such information. Since the Elkins Park address was already on file in the district director's office at Newark, the petitioners response to this letter really added nothing new. Accordingly, no instruction concerning deficiency notices for 1960 or 1961 can be found in this correspondence. In February 1964, the respondent sent a Form 872 to the petitioners in care of Goodman. The respondent had typed on this form that the petitioners' former address was in Millburn, and that their present address was in Elkins Park. Again, the respondent received a reply to mail thus addressed, this time signed by the taxpayers themselves. It is clear that in the early part of 1964, the year the deficiency notice was mailed, correspondence to the taxpayers could be, and should be, sent in care of their accountant. The use of that address was not only called for by the 1961 return, but was a proven, effective means of actually reaching the petitioners. When attorney *235 Cohen entered the case, Goodman was not thereby discharged as representative of the taxpayers. In fact, the power of attorney which evidenced Cohen's authority to act, also named Goodman as the petitioners' co-representative. Petitioners and respondent have argued at length concerning the meaning of this power of attorney. We do not decide whether this power would be sufficient, standing alone, to justify sending the notice to Goodman. But we do consider it as one element in the case which tends to show Goodman's authority to act, and the reasonableness of respondent's conduct. This power of attorney certainly reinforced the petitioners' instruction on their 1961 return that Goodman's address was, for purposes of that tax year, their home address. Cohen never informed the respondent that any notices to the petitioners should be sent to their residence in Elkins Park. The only indication respondent received which may have cast doubt on Goodman's role was that Cohen attended a conference concerning petitioners' taxes in June 1964, and Goodman did not. As a result of the attendance of Cohen at that conference, and a subsequent telephone conversation between Cohen and Russo, a new Form *236 872 was sent to the petitioners in care of Cohen. It may be argued that these facts warrant the inference that Cohen had replaced Goodman. However, we do not consider such an inference warranted by the facts, nor do we understand the petitioners to argue that the notice should have been mailed to Cohen. In summary, we find nothing in the events between the filing of the 1961 return and the mailing of the notice of deficiency which could have, or should have, caused the respondent to doubt that the petitioners' home address, for purposes of such return, was in care of their accountant. The events occurring after the notice of deficiency was mailed clearly demonstrate that the petitioners received notice sufficient to enable them to file a timely petition. The day after the deficiency notice was mailed, the petitioners' accountant received the original and their attorney received a copy. Goodman forwarded the original notice to Cohen, and Cohen discussed it with Joseph, only five days after it had been mailed. The fact that the original notice was not seen by the petitioners until the hearing on this motion was because Cohen retained it. The taxypayers' counsel mailed a copy of the *237 notice to the petitioners during the week of December 28, 1964. We don't know why Cohen retained the copy subsequent to December 24, or exactly when he mailed it, or why the petitioners didn't receive it before the statute of limitations had expired. However, it is clear that before the statute had run, the petitioners' authorized agents possessed the notice of deficiency, or a copy of it, and that petitioners were well aware of its content. Whatever decisions and preparations for trial the petitioners and their counsel had to make, it is clear that the time in which to make them was adequate. It would be a triumph of rhetoric over reason to find that under these facts, the notice of deficiency was inadequate and not sent to the taxpayers as authorized by section 6212(a). In conclusion, we hold that the notice of deficiency is valid because we are convinced from an examination of all the circumstances of the case that the respondent acted reasonably in sending the notice to the petitioners in care of their accountant and that the petitioners did in fact receive adequate notice to file a timely petition with this Court. Since the notice of deficiency was mailed pursuant to section *238 6212 on December 23, 1964, the 90-day period within which a petition could be filed with this Court began the following day. Accordingly, the petition was filed late, and for that reason this Court lacks jurisdiction to do anything more than dismiss it. Therefore, Petitioners' motion to dismiss will be denied, and respondent's motion to dismiss will be granted. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise noted.↩