SIDNEY J. HOLLISTER and ROBERTA C. HOLLISTER, [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Hollister v. Commissioner
Docket Nos. 6674-78, 6675-78, 6676-78.
United States Tax Court
T.C. Memo 1979-35; 1979 Tax Ct. Memo LEXIS 493; 38 T.C.M. (CCH) 139; T.C.M. (RIA) 79035; January 24, 1979, Filed *493 Petitioners received properly addressed notices of deficiency 3 days after they were mailed. Petitions were received and filed by the Tax Court on the 94th day after they were mailed to the taxpayers in envelopes bearing legible U.S. postmarks dated the 91st day after notices of deficiency were mailed. Held, under the circumstances the petitions were not timely filed and respondent's motion to dismiss must be granted. Arthur R. Karstaedt III, for the petitioners. Donald T. Rocen, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction filed October 23, 1978. Respondent contends that the petitions herein were not filed within the period prescribed by section 6213(a), I.R.C. 1954[2] and consequently the Court has no jurisdiction. Respondent determined the following deficiencies and additions to tax: [SEE TABLE IN ORIGINAL] On March 17, 1978, respondent mailed separate statutory notices of deficiency to petitioners Sidney J. Hollister and Roberta C. Hollister, to petitioner General Land Co., Inc., and to petitioner Spellbound, U.S.A., Inc., *495 by certified mail at their last known addresses. On Monday, June 19, 1978, 94 days after the notices of deficiency were mailed to petitioners, this Court received and filed the petitions herein. The respective envelopes in which the three petitions were enclosed were mailed from Denver, Colo., by certified mail, special delivery, and postmarked by United States stamp June 16, 1978, a Friday, 91 days after the deficiency notices were mailed. A motion to dismiss for lack of jurisdiction in each of the now consolidated cases was mailed to this Court as well as the respective petitioners on August 3, 1978. The motions to dismiss for lack of jurisdiction were filed with the Court on August 7, 1978. The motions to dismiss for lack of jurisdiction were served upon the petitioners themselves, since the respective petitions indicated petitioners' counsel was not admitted to practice in this Court. Petitioners' counsel, however, was subsequently admitted to practice before the Court and filed his entry of appearance with respect to each of the cases on July 14, 1978. Upon being apprised of petitioners' counsel's admission to the Court and his entry of appearance in each of the cases, *496 the Denver district counsel's office prepared and served upon petitioners' counsel amended certificates of service and the respective motions to dismiss for lack of jurisdiction on August 10, 1978. Section 6213(a) sets forth the time periods within which a taxpayer who receives a deficiency notice must file a petition with this Court for redetermination of the deficiency. In pertinent part, it provides: Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * [Emphasis added.] Timely filing of the petition is jurisdictional. Healy v. Commissioner,351 F. 2d 602 (9th Cir. 1965). Section 7502 defines situations in which timely mailing will satisfy the timely filing requirement. Under section 7502(a), if an envelope containing the petition shows a United States Post Office postmark date that falls within the 90-day period, the petition generally is deemed *497 to have been timely filed. Section 7502(c)(2) also authorizes the Secretary of the Treasury to make regulations prescribing the extent to which a certified mailing will substaitute for a postmark date. Section 301.7502-1(c), Proced. & Admin. Regs., so provides: If the document is sent by U.S. certified mail and the sender's receipt is postmarked by the postal employee to whom such document is presented, the date of the U.S. postmark on such receipt shall be treated as the postmark date of the document. Accordingly, the risk that the document will not be postmarked on the day that it is deposited in the mail may be overcome by the use of * * * certified mail. Applying these rules here, we must grant respondent's motion to dismiss for lack of jurisdiction in all three dockets because the petitions were neither mailed nor filed within the prescribed 90-day period. Section 7502 offers no comfort to petitioners because the petitions were not timely mailed, the legible postmark date being June 16, 1978, and petitioners conceded that the petitions were mailed on June 16, 1978. See Wiese v. Commissioner,70 T.C. 712 (1978); Shipley v. Commissioner,572 F.2d 212, 214 (9th Cir. 1977), *498 affirming T.C. Memo. 1976-383; Sylvan v. Commissioner,65 T.C. 548, 551-2 (1975); Estate of Moffat v. Commissioner,46 T.C. 499 (1966). Petitioners do not dispute their failure to comply with sections 6213(a) and 7502(a) but ask us to start counting the 90-day period from the date of receipt rather than the date of mailing of the notice of deficiency to protect those to whom notices of deficiency have been served from poor delivery service by the United States Postal Service. Authorities cited by petitioners as providing flexibility in reading sections 6213(a) and 7502(a) to achieve equity are properly distinguishable. In Curry v. Commissioner,571 F. 2d 1306 (4th Cir. 1978), it was held that the Tax Court had jurisdiction where a prison inmate timely placed his petition in the prisoners' mailbox and delay in United States mailing was the mistake of prison officials. Since prison officials are Government employees, the court reasoned that the Government should not be permitted to take advantage of mistakes of its own employees to defeat the taxpayer's efforts to have his day in court. As an alternative ground, *499 the court held the petition was timely filed because when the taxpayer placed his petition in the prisoners' mailbox he did everything within his power to place the petition in the United States mail. In DiViaio v. Commissioner,539 F. 2d 231 (D.C. Cir. 1976), a notice of deficiency was mailed to a prison warden for subsequent delivery to a prison inmate-taxpayer. The court held the prison warden was the Commissioner's agent, mailing to an agent for delivery was not equivalent to mailing to the taxpayer, and the 90-day period in which the taxpayer could file for redetermination did not begin to run until the taxpayer actually received notice.In Skolski v. Commissioner,351 F. 2d 485 (3d Cir. 1965), the court held that where a postmark is illegible taxpayers should be permitted to establish the date of the postmark by evidence other than that appearing on the face of the postmark itself. Nothing in Curry,DiViaio, or Skolski requires or permits us to disregard the statutory requirements of sections 6213(a) and 7502(a) where, as here, petitioners simply were late in mailing their petitions. [3] Finally, in Abbott v. Commissioner,25 AFTR 2d 70-752, 70-1 USTC par. 9354 (9th Cir. 1970), *500 our order dismissing a petition for lack of jurisdiction was vacated, and the case was remanded for a finding as to the date of receipt of the notice of deficiency and a determination whether taxpayers mailed and filed their petition within the time limited by law.The Ninth Circuit's order, however, does not disclose the underlying circumstances and thus furnishes no guidance here. *501 A vague constitutional argument also is made by petitioners that section 6213(a) is unconstitutional as failing to afford them due process of law. However, we find nothing in the Constitution or authorities interpreting it that "each recipient [of a notice of deficiency] must be afforded equal time within which to respond and petition the Tax Court" to redetermine the deficiency. Lastly, petitioners argue that respondent's motion to dismiss for lack of jurisdiction was untimely under Rule 36(a), Tax Court Rules of Practice and Procedure, which gives the Commissioner 45 days from the date of service of the petition to move with respect to the petition. But a plea to jurisdiction may be made at any stage of proceedings. French & Co. v. Commissioner,10 B.T.A. 665, 671 (1928). [4]
In short, petitioners have offered no facts or convincing argument to excuse their failure to comply with sections 6213(a) and 7502(a). Where the language of a constitutional statute *502 is clear, as here, our only course is to follow it. An appropriate order will be entered. Footnotes
1. Cases of the following petitioners are consolidated herewith: General Land Company, Inc., docket No. 6675-78 and Spellbound, U.S.A., Inc., docket No. 6676-78.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue, unless otherwise stated.↩
3. Although not cited by petitioners, see also Arlington Corp. v. Commissioner,183 F.2d 448 (5th Cir. 1950), Eppler v. Commissioner,188 F.2d 95 (7th Cir. 1951), and Tenzer v. Commissioner,285 F.2d 956 (9th Cir. 1960), all reversing orders of dismissal entered by this Court, and Estate of McKaig, Jr. v. Commissioner,51 T.C. 331 (1968). In each of those cases the time for filing the petition was extended because the notice of deficiency was not correctly addressed when it was first mailed and taxpayers did not receive the first mailing. But such is not the case here.Petitioners state in their petition that the notices of deficiency were received on March 20, 1978, just 3 days after they were mailed, and they had ample time remaining in the 90-day period to prepare and file their petitions. See Dolezilek v. Commissioner,212 F.2d 458 (CADC 1954), affirming an order of this Court, and Teel v. Commissioner,248 F.2d 749 (10th Cir. 1957), 27 T.C. 375↩ (1956).
4. Compare Bacon v. Commissioner,↩ a Memorandum Opinion of this Court, in which a petition was dismissed where a defect in jurisdiction was not called to the attention of the Court until trial.