MITTELDORFER STRAUS, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mitteldorfer Strauss, Inc. v. Commissioner
Docket No. 10263-79.
United States Tax Court
T.C. Memo 1979-503; 1979 Tax Ct. Memo LEXIS 24; 39 T.C.M. (CCH) 723; T.C.M. (RIA) 79503; December 13, 1979, Filed *24 Held, petition not timely filed. Respondent's motion to dismiss for lack of jurisdiction granted. Edward H. Stern, for the petitioner. Alan I. Appel, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This case is presently before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent contends that the petition herein was not filed within the 90-day period prescribed by section 6213(a), I.R.C. 1954. [1]
*25 Petitioner had its principal office in New York, N.Y., when the petition herein was filed. Respondent determined deficiencies in petitioner's corporate income tax in the amount of $12,055.06 for the calendar year ending December 31, 1973, and in the amount of $9,212.52 for the calendar year ending December 31, 1974. A statutory notice of deficiency was mailed to petitioner at its last known address on March 15, 1979. At some point subsequent to March 15, 1979, but prior to April 4, 1979, petitioner received the statutory notice of deficiency. Subsequent to receipt of the notice, but also prior to April 4, 1979, Edward Stern, petitioner's representative, and Michael Cohen, an employee of respondent, had a telephone conversation during which they reconfirmed the agreement they had previously reached that, with one exception, all of the adjustments made in the statutory notice were incorrect. Cohen stated that it was by mistake that the agreed upon items had been included in the statutory notice and, although unsure whether he could properly do so, he asked Stern to return the statutory notice of deficiency for correction. Stern returned the notice by letter dated April 4, 1979, receipt *26 of which was acknowledged by Cohen by letter dated April 16, 1979. Subsequent to his first telephone conversation with Stern, Cohen learned that the statutory notice could not be returned for correction and he so informed Stern by telephone. By letter dated April 18, 1979, Cohen returned the statutory notice to Stern, explaining "that since the Statutory Notice has already gone out," any corrections could be made via a petition and an answer filed with this Court. The 90-day period for filing a petition after the March 15 date on the notice of deficiency expired on June 13, 1979. On July 12, 1979, a petition was filed in this case with this Court. The petition bears the date July 10, 1979, as does the postmark on the envelope in which the petition was mailed. The issue raised by the motion to dismiss is one of jurisdiction. Unless a petition is timely filed, the Court has no jurisdiction to decide the case. Estate of Moffat v. Commissioner,46 T.C. 499 (1966). Section 6213(a) provides, subject to an exception not applicable herein, that a petition must be filed within 90 days of the mailing of the statutory notice. Section 7502 provides the circumstances *27 under which timely mailing will be considered as timely filing. Respondent asserts that the petition was untimely filed because it was not filed within 90 days of March 15, 1979, the date on which the statutory notice of deficiency was first mailed to petitioner. Petitioner contends that the original statutory notice was "abandoned" by respondent when Cohen asked that it be returned for correction and that the section 6213(a) 90-day period did not begin until the statutory notice was "reissued" to petitioner on April 18, 1979. If petitioner's contention is sound, then the petition was filed within the 90-day period allowed by section 6213(a); if not, the petition was untimely, and this Court has no jurisdiction in the matter. Petitioner relies on Eppler v. Commissioner,188 F. 2d 95 (7th Cir. 1951), and Tenzer v. Commissioner,285 F. 2d 956 (9th Cir. 1960), both of which reverse orders of dismissal entered by his Court.These cases are inapposite. In each case the time for filing the petition was extended because the taxpayers therein did not receive the notice of deficiency when it was first mailed because of incorrect addresses. In Eppler *28 responden remailed the notice of deficiency to petitioner at his business address by registered mail, and petitioner had no way of knowing of the first mailing. In Tenzer, when the notice, which was first sent by registered mail, was returned unclaimed, the Commissioner had it delivered by hand. The Court held that when the Commissioner chose to deliver the notice by personal service, he abandoned the first method of delivery by registered mail. Such is not the case herein. Respondent mailed a statutory notice of deficiency to petitioner on March 15, 1979, which notice petitioner received. Respondent did not "abandon" or "withdraw" the statutory notice, and it is from March 15, 1979, that the 90-day period must be measured. Petitioner did not file a petition with this Court within 90 days of March 15, 1979; hence this Court is without jurisdiction to decide the case. Petitioner cannot rely on the apparent error of respondent's employee in asking petitioner's representative to return the statutory notice in order to extend the statutory period for filing a petition with this Court. No statutory provision specifically addresses the questions of respondent's authority to *29 "abandon" or "withdraw" a statutory notice of deficiency or the effect such an abandonment or withdrawal, or the attempt thereof, has. [2] We need not address these questions, however, because the respondent did not "abandon" or "withdraw" the statutory notice in this case. The statutory notice which petitioner received as an enclosure to Cohen's letter of April 18, 1979, was the same statutory notice which had been mailed to petitioner on March 15, 1979, and received by it. The statutory notice was not "reissued." Petitioner was advised that any corrections could be made via petition and an answer filed with this Court. There was no indication that the statutory period for filing a petition was in any way extended. Furthermore, petitioner still had ample time in which to file a timely petition. In Perlmutter v. Commissioner,44 T.C. 382, 400 (1965), this Court said: It is axiomatic that the intent and purpose of the statutory requirement for the issuance of deficiency notices is to inform the taxpayer that the *30 Commissioner means to assess additional taxes against him, and to provide time for the taxpayer to petition this Court for a redetermination if he is so advised. * * * And in Dolezilek v. Commissioner,212 F. 2d 458 (D.C. Cir. 1954), it was held that where a taxpayer receives actual notice of deficiency during the 90-day period and has adequate time remaining within that period for preparing and filing his petition, he is not entitled to compute the period from a date other than that of mailing. See also Teel v. Commissioner,27 T.C. 375 (1956). This view can be reconciled with Eppler and Tenzer,supra, where there is no showing that the taxpayer has been misled to his disadvantage. We cannot find that petitioner was misled under the circumstances in this case. In Watlington v. Commissioner,2 B.T.A. 153, 154 (1925), it was said: A taxpayer cannot be permitted to extend his statutory time to appeal by writing letters of protest against a deficiency duly and finally determined and of which he has had the notice required by statute, even when the Commissioner extends him the courtesy of a reply to such *31 letters. * * * Thus, it is difficult to see on what basis petitioner may have grounded its belief that the statutory period for filing was extended. The above also makes innocuous petitioner's argument that Cohen retained internal jurisdiction of this case after the statutory notice was issued. The petitioner herein was not timely filed and respondent's motion to dismiss will be granted. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue, unless otherwise stated.↩
2. See Skaneateles Paper Co. v. Commissioner,29 B.T.A. 150↩ (1933), in which the respondent did withdraw a statutory notice.