Royal E. JORGENSEN and Mary M. Jorgensen, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 15356.

United States Court of Appeals
Ninth Circuit.

July 5, 1957.

On October 20, 1955, the Commissioner, by registered mail, sent to the taxpayers (petitioners here) a notice of deficiency. On January 23, 1956, the taxpayers filed a petition with the Tax Court for a redetermination. That court dismissed the petition as untimely filed.

█ It appears that the postmark stamped on the envelope containing the petition was dated January 20, 1956, which was the 92nd day after the notice of deficiency had been mailed. January 23, 1956, was neither a Saturday, a Sunday, nor a holiday in the District of Columbia. The period prescribed by the statute, § 272(a) (1) of the 1939 Code, 26 U.S.C.A. § 272(a) (1), for the filing of a petition for redetermination, is 90 days. The filing was therefore untimely both under § 272, supra, and under the provisions of § 7502(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7502(a).

█ In Di Prospero v. Commissioner, 176 F.2d 76, 77, this court, in conformity with the general current of authority, held that the 90-day requirement prescribed by the Tax Court is jurisdictional. Accordingly, the dismissal below is affirmed.

George G. Holden, Battle Mountain, Nev., for petitioners.

Charles K. Rice, Asst. Atty. Gen., Ellis N. Slack, S. Dee Hanson, Lee A. Jackson, and Charles B. E. Freeman, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before HEALY and FEE, Circuit Judges, and MURRAY, District Judge.

PER CURIAM.

This case, here on appeal from the Tax Court, involves a deficiency in federal income taxes determined by the Commissioner for the calendar year 1952.