**Tomie KENNEDY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 14724.

United States Court of Appeals
Seventh Circuit.

Nov. 20, 1964.

Rehearing Denied Dec. 29, 1964.

---

4. See note of Advisory Committee on Rules, 18 U.S.C.A. rule 43, p. 308, footnote 1.

Tomie Kennedy, pro se.

Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks, Solomon L. Warhaftig, Dept. of Justice, Washington, D. C., for respondent.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

HASTINGS, Chief Judge.

Petitioner Tomie Kennedy, *pro se,* seeks review of an order of the Tax Court of the United States dismissing his petition seeking a redetermination of an assessed deficiency in his federal income tax for the taxable year 1960. The Tax Court determined that petitioner owed a deficiency of $585 for 1960. Petitioner further seeks review of the Tax Court's refusal to redetermine an assessed deficiency against him for the taxable year 1961. This appeal was submitted on the briefs and record without oral argument.

On April 15, 1961, petitioner filed his federal income tax return for the taxable year ending December 31, 1960.

On June 4, 1962, Commissioner issued a notice of deficiency for the taxable year 1960 in which he disallowed the dependency exemptions claimed by petitioner for his four daughters on the ground that petitioner failed to prove he contributed over half of their support.

On August 17, 1962, petitioner filed a timely petition with the Tax Court seeking a redetermination of the deficiency.

On February 6, 1963, Commissioner issued a notice of deficiency for the taxable year 1961 in which he again disallowed these dependency exemptions. This deficiency notice was mailed to petitioner on February 6, 1963, by certified mail. On May 15, 1963, petitioner filed with the Tax Court a motion for leave to amend the petition previously filed for 1960, to add the year 1961.

Commissioner objected to this motion to amend on the ground that such amendment was improper and that if the motion was treated as a petition for the year 1961 it would not have been timely filed.

Petitioner filed a pleading entitled "Petitioner's Motion To Strike The Respondent's Objections," in which he stated he had received the deficiency notice

for the taxable year 1961 on February 14, 1963. He argued that the ninety-day period for filing a petition should be deemed to run from the time of his receipt of the notice of deficiency.

The Tax Court held a hearing on June 19, 1963 and denied this motion. Petitioner had notice of this hearing but was not present.

On February 24, 1964, this case was called for trial before the Tax Court. Petitioner was present and appeared *pro se. He informed the court he had no evidence to present with respect to the taxable year 1960.* On motion of Commissioner, the petition with respect to 1960 was dismissed.

Commissioner objected to the introduction of any evidence or testimony with respect to the deficiency for the taxable year 1961 on the ground that the year 1961 was not before the court. This objection was sustained.

The Tax Court's order of dismissal was entered on March 6, 1964. Petitioner filed a timely petition for review.

On review, petitioner contends he contributed over half the support of his four daughters and that he timely filed the motion to amend the petition to cover the taxable year 1961.

■ The Internal Revenue Code of 1954, §§ 151, 152 provides exemptions for certain specified individuals "over half of whose support * * * was received from the taxpayer." The taxpayer has the burden of proving he furnished over half the support of the individual for whom he is claiming an exemption. Fearing v. C. I. R., 8 Cir., 315 F.2d 495, 496 (1963).

■ Petitioner furnished no evidence at the trial before the Tax Court with respect to the taxable year 1960. He contends he complied with a support order of a county court ordering him to pay $80 every two weeks for the support of his four daughters and such compliance entitles him to the exemption. This, however, is insufficient to prove he contributed over half of the daughters'

support. A support order does not determine and is not proof of the amount required for support.

■ The Tax Court's jurisdiction to redetermine deficiencies in income tax is limited to the year or years for which Commissioner has issued and mailed a deficiency notice to the taxpayer and has received from the taxpayer a timely filed petition for redetermination. See Commissioner v. Gooch Co., 320 U.S. 418, 420, 64 S.Ct. 184, 88 L.Ed. 139 (1943).

■ The petition for the taxable year 1960 did not cover the taxable year 1961 at the time it was filed, since the deficiency notice for 1961 had not yet been issued and mailed to petitioner.

■ The motion to amend the petition for the year 1960 to cover the taxable year 1961 did not give the Tax Court jurisdiction with respect to 1961 since the motion was not filed within ninety days after the mailing of the deficiency notice for 1961.

Petitioner filed his petition for the taxable year 1960 on August 17, 1962. On February 6, 1963, Commissioner issued and mailed to petitioner a notice of deficiency with respect to the taxable year 1961. On May 15, 1963, the Tax Court received from petitioner a motion to amend his petition for 1960 to add the deficiency with respect to 1961. This motion to amend had been notarized on May 13, 1963.

Section 6213 of the Code provides that the ninety-day period begins running when the notice is mailed. Section 7502 provides that a document is filed within the prescribed period if the date of the United States postmark is within such period. Since the motion to amend was notarized on May 13, 1963, the date of the United States postmark would be this date or later.

This date is not within the ninety-day period and thus the Tax Court was without jurisdiction. Jorgensen v. C. I. R., 9 Cir., 246 F.2d 536 (1957).

The order of dismissal is affirmed.

Affirmed.