**Edward J. HEALY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 19829.

United States Court of Appeals
Ninth Circuit.

Oct. 7, 1965.

Rehearing Denied Nov. 8, 1965.

Edward J. Healy, in pro. per.

John B. Jones, Jr., Acting Asst. Atty. Gen., Meyer Rothwacks, Robert I. Waxman, Fred Becker, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before BARNES, BROWNING and DUNIWAY, Circuit Judges.

BARNES, Circuit Judge:

This is an appeal from an order of the Tax Court dismissing a "plea" for return of taxes.[1]

Petitioner filed his 1957, 1958 and 1959 tax returns after "conferences," and, so he states, "approval" of counter clerks employed by the Collector of Internal Revenue. As he states: "The Clerks assured petitioner that all submissions would be 'OK'd' and that there would be no aftermath."

There was.

On January 19, 1962, the Commissioner sent a notice of deficiency for those years, by certified mail to the last known address of petitioner—Box 1305, Los Angeles, California. Petitioner does not dispute this was his correct address. In fact, he claims its rent as a business expense; states he has maintained it since 1942 to the present; and describes it as the "one unquestionable address" for him.

1. Jurisdiction in the Tax Court rested upon 26 U.S.C. Chapter 76, Subchapter B, § 7422(e). Jurisdiction here rests upon 26 U.S.C. Sec. 7482 (Int.Rev.Code of 1954).

Nor does petitioner deny he received the deficiency notice, nor even that the receipt was untimely. He apparently insists that because of the "counter clerk's" previous "approval" of his returns, and the fact he "had no access to competent help," the laws Congress has passed should not be applicable to him.[2]

The ninety-day period for filing his petition to review the alleged deficiency expired April 19, 1962.[3] On July 17, 1964, taxpayer filed with the Tax Court of the United States a "PLEA FOR ORDER NUNC PRO TUNC AND FOR RETURN OF TAXES COLLECTED IN ERROR." The Commissioner filed a motion to dismiss. After hearing petitioner's objections, the Tax Court dismissed petitioner's "Plea."

The only question properly before this court is whether the Tax Court correctly dismissed taxpayer's petition upon the ground it was untimely filed.

"The requirement of filing the petition with the Tax Court within 90 days after the certified or registered notice of deficiency is mailed to the correct address of the taxpayer is jurisdictional. (Lasky v. Commissioner, 235 F.2d 97 (9th Cir. 1956), aff'd. 352 U.S. 1027 [77 S.Ct. 594, 1 L.Ed.2d 598 (1957)]; Bloch v. Commissioner, 254 F.2d 277 (9th Cir. 1958); Jorgensen v. Commissioner, 246 F.2d 536 (9th Cir. 1957); DiProspero v. Commissioner, 176 F.2d 76 (9th Cir. 1949)), and no matter how allegedly inequitable the situation, there is no authority 'to relieve the taxpayer from the clear jurisdictional requirements of the law' (Rich v. Commissioner, 250 F.2d 170, 173 (5th Cir. 1957)). The petition here was not filed within the prescribed statutory period; thus

the Tax Court lacked jurisdiction." (Respondent's Brief, p. 9.)

The determination of the Tax Court is correct and its order of dismissal is affirmed.

---

**2.** Petitioner urges that the government had in some way estopped itself from collecting from him because he was willing to permit subsequent refunds to be credited against his deficiency, and he actually sent in $25.00 to show his good faith.

And on appeal he seeks to establish the merit of certain claimed deductions for the first time.

**3.** 26 U.S.C. 1958 ed. § 6212 and § 6213.