Reza **REZAZADEH** and Gloria Iris
Rezazadeh, Petitioners,

v.

**COMMISSIONER OF INTERNAL REV-
ENUE,** Respondent.

No. 15242.

United States Court of Appeals
Seventh Circuit.

March 1, 1966.

Reza Rezazadeh, Platteville, Wis., for
petitioners.

Richard M. Roberts, Acting Asst. Atty.
Gen., Tax Div., Howard J. Feldman, Mey-
er Rothwacks, Attys., Dept. of Justice,
Washington, D. C., for respondent.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This petition for review of a Tax Court decision concerns income tax deficiencies determined against Reza Rezazadeh[1] and Gloria Iris Rezazadeh, his wife, for the taxable years 1960 and 1961. The Commissioner of Internal Revenue determined that the taxpayers were not entitled to dependency exemptions in those years for the two minor sons of Reza by a previous marriage. The Tax Court sustained the action of the Commissioner and entered its decision that there were deficiencies for such years in the amounts of $247.04 and $262.12, respectively. The taxpayers petition for review.

The matter was heard before the Tax Court on a stipulation of facts and the testimony of the taxpayer-husband. The stipulation did not include the subject of the taxpayer's contribution to the support of his sons or the total amount expended for their support but did cover factors relevant to the sons' residence and their eligibility for admission to the United States for permanent residence. The only evidence concerning the support of the children is the testimony of the taxpayer.

The facts as stipulated, and as found by the court, reveal that the sons, Farhad and Farzad, were born in 1948 and 1952, respectively. They and their mother, the taxpayer's former wife, Shamsi,[2] have physically resided in the country of Iran since the children's birth, and during the taxable years in question. The two sons have continuously and exclusively been citizens of Iran since their birth. They resided in the home of the taxpayer's brother, David Rezazadeh, in Teheran, Iran, and attended local schools there on a full time basis.

The taxpayer entered the United States on a student's visa in 1953. From 1953 to 1958 he attended Indiana University. He then went to Canada for a short time, and re-entered the United States on a visa for permanent immigration on September 16, 1958. He became a naturalized United States citizen on November 26, 1962.

On or about June 5, 1959, the United States Immigration and Naturalization Service informed the taxpayers that their non-quota visa petition filed on behalf of Farhad and Farzad had been approved and forwarded to the United States Consulate in Iran, where the sons could apply, if they desired, for their United States entrance visas. However, neither of the sons became United States citizens or actually entered the United States for any purpose on or before December 31, 1961.

One of the sons, Farzad, attended a school in Iran requiring payment of about $25 per year in tuition, which was furnished by taxpayer during the years 1960 and 1961. In addition, taxpayer furnished approximately $500.00 for each of these years for the support of both children. The cost of living is generally lower in Iran, where the children resided during the years in issue, than in the United States.

The Tax Court concluded that the taxpayer-husband had failed to establish by competent evidence that he furnished more than half the total cost of support for each son for each year in issue, a factor requisite to establish that the two sons were dependents under the provisions of Section 152(a) of the Internal Revenue Code of 1954 (26 U.S.C.A. § 152(a)) and to qualify taxpayers for the exemptions claimed. In view of that conclusion the court did not reach the question whether the taxpayer's sons met the citizenship or residence requirements of Section 152(b) (3) of the Code.[3]

1. Referred to herein as "taxpayer-husband" or "taxpayer".

2. Shamsi and taxpayer were divorced in 1952. For all relevant or material periods Shamsi was continuously and exclusively a citizen of Iran and physically resident therein.

3. Insofar as pertinent Section 152 of the Internal Revenue Code of 1954 (26 U.S. C.A. § 152) provides:

"(a) *General Definition.*—For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the

On review the taxpayers contend that the contribution to support issue was not properly before the Tax Court and its disposition of the matter on that factor violated their right to due process of law. They further urge that the fact that during the taxable years at issue the taxpayer-husband's two sons were entitled to enter the United States for permanent residence qualified them as residents within the meaning of Section 152 (b) (3). The Commissioner urges that the Tax Court's conclusion was correct and that its decision is also entitled to affirmance on the independent ground that the record discloses the two sons did not qualify as residents within the meaning of Section 152(b) (3).

■ Although the taxpayer testified, and the court found, that he furnished approximately $500 each year for the support of his sons, plus $25 a year for the one son's tuition, the court correctly observed that the record "is totally devoid of competent evidence as to the total amounts expended for their support in any year". And, under the provisions of Section 152(a) in order for the taxpayers to establish their right to the exemptions claimed it was incumbent upon them to prove that he contributed over one-half of the entire amount of support the sons received from all sources. Kennedy v. C. I. R., 7 Cir., 339 F.2d 335. The sons were living in the home of the taxpayer's brother during the years in issue, and the taxpayer's testimony fails to establish that the contributions he made exceeded fifty percent of the amount required or expended for their support even though his testimony to the effect that the cost of living is generally lower in Iran than in the United States is accepted as competent evidence. The complete failure to show the total amount expended for support is a fatal weakness to the dependency claims. Rivers v. Commissioner, 33 T.C. 935, 937.

■■ Taxpayers do not take the position that the evidence adduced before the Tax Court was sufficient to prove such contribution to the support of the sons as is necessary to establish the dependency required under the provisions of Section 152(a). They contend, in substance, that inasmuch as the stipulation did not embrace within its scope the subject of the total amount required or expended for the sons' support and the taxpayer's contribution thereto, the court was precluded from resting its determination on the basis of the taxpayers' failure to establish that the taxpayer-husband provided over one-half of that support. We perceive no merit in this contention. The Commissioner rejected taxpayers' dependency claims "for the reason that you have not established your right to the deductions". The burden was on the taxpayers to prove the factors prerequisite to the establishment of the claimed dependency deductions, including the contribution to support factor. Kennedy v. C. I. R., supra. The stipulation did not remove that issue from consideration or dispense with the necessity of proof with respect thereto. It recognized the right of either party to introduce other and further evidence not inconsistent with the facts stipu-

calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer) :
(1) A son or daughter of the taxpayer, or a descendant of either,
*       *       *       *       *
(b) *Rules Relating to General Definition.*—
*       *       *       *       *
(3) The term "dependent" does not include any individual who is not a citizen of the United States unless such individual is a resident of the United States, of a country contiguous to the United States, of the Canal Zone, or of the Republic of Panama. The preceding sentence shall not exclude from the definition of "dependent" any child of the taxpayer—
(A) born to him or legally adopted by him, in the Philippine Islands before January 1, 1956, if the child is a resident of the Republic of the Philippines, and if the taxpayer was a member of the Armed Forces of the United States at the time the child was born to him or legally adopted by him * * *."

lated. That taxpayers did not choose to do so, under what they now state was their belief as to the posture of the issues, affords no basis for reversal of the Tax Court's decision. And their argument that Rules 31(b) (1), (2), (4) and (6), and 32, of the Tax Court Rules of Practice (26 U.S.C.A.) precluded consideration of the contribution to support issue by the court is wholly untenable on the factual situation involved. . The Commissioner's denial of the exemptions claimed was not limited to any one factor. It put in issue every element necessary to the establishment of the deductions claimed. Only the taxpayers possessed knowledge of their actual support contributions, and the Commissioner was in no position to stipulate with respect to the entire amount of support the sons received from all sources. And the burden of proof was taxpayers'.

We conclude that the Tax Court did not err in sustaining the Commissioner's action on the ground it did.

■ Moreover, we agree with the contention of the Commissioner that taxpayer's sons also did not meet either the citizenship or residence test of Section 152(b) (3), which is prerequisite to their qualification as taxpayer's dependents. The court's decision is entitled to affirmance upon this additional ground.

The sons, on the facts stipulated, were definitely not citizens of the United States. They were born in Iran to citizens of Iran, and were citizens of that country. The taxpayer-husband, father of these children, did not become a United States citizen by naturalization until subsequent to the taxable years in issue. No basis of any kind exists for a claim of derivative United States citizenship during the years in question.

■ Ever since their birth the children had resided in Iran. They had never been to the United States. It is apparent that they were not residents of the United States, of a country contiguous thereto, of the Canal Zone, or of Panama, and that the Philippine clause of Section 152 (b) (3) has no application. The fact that

their status for non-quota entry to the United States for permanent residence had been approved did not, as urged by taxpayers, make Farhad and Farzad residents of the United States. They did not avail themselves of the right to apply for visas and enter the United States for residence.

The decision of the Tax Court is affirmed.

Affirmed.