JULIE K. McGUIRE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1223–69SC. Filed June 17, 1969.

Julie K. McGuire, pro se.
*Richard C. Schwartz* and *Richard H. M. Hickok,* for the respondent.

### OPINION

DRENNEN, *Judge:* A notice of deficiency in income tax for the calendar year 1965, dated September 20, 1968, was addressed to petitioner outside the United States and mailed on September 20, 1968. A petition, properly executed by petitioner, seeking a redetermination of the deficiency was filed in this Court on March 17, 1969, having been received by mail in an envelope bearing a postmark dated March 14, 1969.

On April 14, 1969, respondent filed a motion to dismiss this case for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by law in section 6213(a), I.R.C. 1954. It is clear that if all of the days from September 20, 1968, until the petition was mailed and filed are counted, it was 175 days after the notice of deficiency was mailed to petitioner until the petition was mailed to the Tax Court (based on the postmark date) and 178 days until the petition was actually filed in the Tax Court.

On May 9, 1969, petitioner filed an objection to respondent's motion to dismiss wherein her only argument was that "the 150-day period is not specifically defined and may therefore be defined in either of two ways: (a) 150 calendar days, or (b) 150 business days," and by using 150 business days as the measure, the petition was timely filed.

Respondent filed a memorandum in response to petitioner's objection on May 28, 1969.

Section 6213(a) provides as follows:

(a) TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.—Within 90 days or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (*not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day*), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * [Emphasis supplied.]

While there appears to be no published opinion of this Court specifically dealing with the subject, it is clear to us from the wording of the statute and from the purpose thereof that the "90 days" and "150 days" used therein mean 90 or 150 calendar days; and this Court has long interpreted and applied the statute in that manner.

The statute does not limit the terms "90 days" and "150 days" to "business days." On the other hand, it specifically provides that nonbusiness days and holidays shall not be counted as the last day for filing. The clear implication is that nonbusiness days and holidays are to be included in the 90- and 150-day count except they will not be counted as the last day of the period. This is consonant with the purport of Rule 61, Tax Court Rules of Practice,[1] which is a rule of long standing. Furthermore, in the absence of anything indicating to the contrary, words used in a statute are presumed to have their common, ordinary meaning. *Old Colony R. Co.* v. *Commissioner*, 284 U.S. 552; *Helvering* v. *San Joaquin Co.*, 297 U.S. 496; *Helvering* v. *Flaccus Leather Co.*, 313 U.S. 247; *William C. Stolk*, 40 T.C. 345, affirmed per curiam 326 F. 2d 760.

It has been held in numerous cases that the timely filing of a petition in this Court is jurisdictional; that unless a petition is filed in this Court within the time provided in section 6213(a), this Court has no jurisdiction to consider the petition or act with respect thereto. *Edward J. Healy* v. *Commissioner*, 351 F. 2d 602 (C.A. 9); *Rich* v. *Commissioner*, 250 F. 2d 170 (C.A. 5); *Estate of Frank Everest Moffat*, 46 T.C. 499; *Nathanial A. Denman*, 35 T.C. 1140. While the meaning of the words "90 days" and "150 days" is not discussed in the opinions in the above cases, it is clear from the facts stated therein that the courts interpreted and applied the provisions of section 6213(a) to

---

[1] Rule 61. COMPUTATION OF TIME—SATURDAYS, SUNDAYS, AND HOLIDAYS.

(a) *Computation of time—Exclusions.*—The day of the act, event, or default starting any period of time prescribed or allowed by these Rules or by an order of this Court shall not be counted as a part of the period, but Saturdays, Sundays, legal holidays in the District of Columbia, * * * shall count just as any other days, except that when the period would expire on a Saturday, Sunday, or legal holiday in the District of Columbia, * * * it shall extend to and include the next succeeding day that is not a Saturday, Sunday, or such legal holiday.

mean 90 or 150 calendar days from the date of mailing of the notice of deficiency including Saturdays, Sundays, and legal holidays, except if the last day of the prescribed period falls on one of those "nonbusiness" days, in which event the next day that is not one of such days is counted as the last day. This interpretation is the only reasonable interpretation that can be given to this section which fixes a definite period of time within which a timely petition can be filed to give this Court jurisdiction. If the words were interpreted to mean "business days" it would be necessary either to further define that term legislatively or to determine on a case-by-case basis which of the intervening days were "business days."

We conclude that the 90 days and 150 days provided in section 6213(a) for filing a timely petition in the Tax Court are 90 or 150 calendar days and not 90 or 150 "business days" as argued by petitioner. Consequently, petitioner's petition in this case was not timely filed and respondent's motion to dismiss for lack of jurisdiction must be granted.

An order will be entered accordingly.