**Lucille MARSHALL, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 171, Docket 71-1237.**

United States Court of Appeals, Second Circuit.

Argued Dec. 8, 1971.

Decided Feb. 18, 1972.

As Modified March 10, 1972.

Lucille Marshall, pro se.

J. Munsford Scott, Jr., Atty., Tax Division, Dept. of Justice, Washington, D. C. (Fred B. Ugast, Acting Asst. Atty. Gen., William Massar and Meyer Rothwacks, Attys., Tax Division, Department of Justice, Washington, D. C., on the brief), for appellee.

Before ANDERSON, OAKES and TIMBERS, Circuit Judges.

OAKES, Circuit Judge:

Appellant-taxpayer, Lucille Marshall, appeals *pro se* from a decision of the Tax Court, Charles R. Simpson, Judge, upholding the Commissioner's determination of a $98.86 deficiency in her 1967 federal income tax. P–H Tax Ct. Mem ¶ 70,330 (1970) (not officially reported). Jurisdiction is conferred on this court by Int.Rev.Code of 1954, § 7482.

This is one of those "problem cases" in which a party would have been immeasurably aided by having counsel and in which confusion has occurred both below and on appeal by virtue of the party's appearing *pro se*. While the amount involved is minimal, the court

below would have been well advised to seek to have counsel appear voluntarily for Mrs. Marshall, if she could not afford same, and Mrs. Marshall would be well advised to seek counsel, so as to avoid the squandering of judicial and agency resources that has here occurred, as well as to have achieved justice in the case. *See* Dioguardi v. Durning, 139 F.2d 774 (2d Cir., 1944).

The question before us is whether the Tax Court correctly sustained the Commissioner's denial of a $600 dependency deduction for appellant's support of her mother. Appellant's claim was properly made under Int.Rev.Code of 1954, §§ 151(e) (1), 152(a) (4), which allow a deduction for the taxpayer's mother if the mother's gross income were less than $600 for the year[1] *and* if she received over one-half of her support from the taxpayer. It is the latter part of this deduction test that is at issue here. For the reasons set forth below, we reverse the decision of the Tax Court and remand the case to it for the taking of further evidence.

During 1967, the tax year in question, appellant lived in a New Rochelle, New York, home with her husband and her mother; the residence was jointly owned by appellant and her mother. The mother, who was not working, received a monthly Social Security check for $83.70, of which $70.00 was paid to appellant for the mother's personal expenses and for household maintenance. Appellant, who filed a separate tax return for 1967, furnished all the food for the household, paid all maintenance expenses (*e. g.*, utilities and taxes), and paid for her mother's clothing, entertainment, and medical care.

Appellant testified below as to her 1967 cash expenditures in support of her mother. This oral testimony produced a figure of $1,683.93. Appellant also claimed a $600 contribution (the alleged fair rental value of the mother's living

quarters), but this amount, accepted by the court, was properly included as part of the mother's contribution, since she was a co-owner of the house. The mother's contribution to her own support was $840 (Social Security benefits), plus the $600 fair rental value, or a total of $1,440. This $1,440 figure exceeded one-half of the amount testified to by appellant as her cash expenditure in support of the mother. On this basis the Commissioner and the Tax Court denied the deduction.

A review of the record reveals that at least in one respect—utility expense—the Tax Court appears to have treated the mother's one-third share ($220) paid for by appellant as if it were the entire utility expense for the whole household, thus depriving appellant of substantial credit. The evidence is in other respects exceptionally murky. Appellant's testimony was at times confusing to the court and to government counsel. The relevance of some items admitted into evidence is not clear, and it is doubtful from the record whether appellant understood exactly what sort of real proof she had to introduce to substantiate her claim. Legal objections made by the Government to the introduction of evidence were apparently not understood by petitioner.

At the close of the very brief trial (which consumed only 37 typewritten pages of transcript), the court asked appellant if she wished to introduce any other evidence. Appellant answered in the negative. The Tax Court did not explain to her what was wanted or what might be helpful. Instead, the court drew legal conclusions from an admittedly skimpy factual base, concluding that "[b]ecause of the vagueness and uncertainties in this testimony, we have made *no findings* as to the amounts supplied by the petitioner" (emphasis supplied). Despite the absence of findings of fact, the court concluded that appellant had failed to meet the more-than-

1. Appellant's mother earned no gross income for 1967, since Social Security benefits are not includable in gross income for tax purposes. Rev.Rul. 70–217, 1970–71 Cum.Bull. 13; Rev.Rul. 70–280, 1970–71 Cum.Bull. 13.

one-half test for a dependency deduction.[2]

After the adverse decision, appellant submitted further papers to the Tax Court. The first paper, entitled "Disagree with Decision" and treated as a motion for reconsideration of the opinion, stated that appellant could produce more bills, checks, and financial statements to substantiate her claim. Appellant also moved for a retrial. Both motions were denied. In her appeal to this court, appellant has reiterated her willingness and ability to produce the documentation needed to establish her right to a deduction. This additional data, appellant contends, will prove that the cost of supporting her mother during 1967 was $3,778.69, of which $2,338.69 ($3,778.69 minus the already-established $1,440.00 contribution from the mother), or more than one-half, was contributed by appellant.

█ Our powers of review in a tax case are spelled out in Int.Rev.Code of 1954, § 7482. Section 7482(a) gives us ". . . exclusive jurisdiction . . . in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury. . . ." Section 7482(c) (1) confers upon us the power

> . . . to affirm or, if the decision of the Tax Court is not in accordance with law, to modify or to reverse the decision of the Tax Court, with or without remanding the case for a rehearing, *as justice may require.* [Emphasis supplied.]

Because our jurisdiction is the same as that upon review of non-jury civil actions, Fed.R.Civ.P. 52(a) is applicable to this case. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960). Under that rule, it is the duty of the trial court to "find the facts specially and state separately its conclusions of law thereon. . . ."

█ It is true that appellant bore the burden of proof on the question of contribution to her mother's support. Rezazadeh v. Commissioner of Internal Revenue, 356 F.2d 898 (7th Cir. 1966) ; Kennedy v. Commissioner of Internal Revenue, 339 F.2d 335 (7th Cir. 1964). Here, however, the court failed specifically to find the very facts upon which appellant's legal obligation is based. Admittedly, "findings 'are not a jurisdictional requirement of appeal' but only 'aid appellate courts in reviewing the decision below'; and defects therein may be waived where 'the error is not substantial in the particular case.' " Rossiter v. Vogel, 148 F.2d 292, 293 (2d Cir. 1945), quoting Hurwitz v. Hurwitz, 78 U.S.App.D.C.66, 136 F.2d 796, 799 (1943). But, as Judge Friendly stated on review of an insufficient finding of facts in the context of securities law, ". . . such aid is precisely what we lack here." SEC v. Frank, 388 F.2d 486, 493 (2d Cir. 1968).

The crucial facts that must be found in a dependency deduction case are (1) the total cost of supporting the alleged dependent, and (2) the taxpayer's contribution to that cost. Neither of those amounts was determined by the court below; only the mother's share of an unspecified total has been established. Judicial speculation cannot be substituted for judicial fact-finding. We cannot say that the failure to make findings was harmless error as in, e. g., Leighton v. One William Street Fund, 343 F.2d 565, 567 (2d Cir. 1964).

█ The Code instructs us to affirm, modify, or reverse decisions not in ac-

2. After specifically declining to determine the amount of support contributed by appellant, the Tax Court continued, "In any event, it does seem clear that the petitioner has not established that she furnished more than one-half of the total support of her mother." This conclusion was reached by comparing the mother's contribution ($1,440.00) against appellant's oral testimony as to her portion of the cost ($1,683.93). In light of all the circumstances, and in light of all the available evidence, it was not enough for the Tax Court to draw its conclusion solely from these two figures.

cordance with law "as justice may require." Int.Rev.Code of 1954, § 7482 (c) (1). It is our conclusion that, in light of the evidentiary confusion below, the lack of findings, and appellant's offer of additional documentation to the Tax Court, justice requires that we remand the case to that court for further findings. Helvering Commissioner of Internal Revenue v. Rankin, 295 U.S. 123, 131, 55 S.Ct. 732, 79 L.Ed. 1343 (1935); Estate of Hamiel v. Commissioner of Internal Revenue, 253 F.2d 787, 794 (6th Cir. 1958); Lewis v. Commissioner of Internal Revenue, 160 F.2d 839, 844 (1st Cir. 1947).

Our power on review extends to modification or reversal of the Tax Court decision " . . . with *or without* remanding for a rehearing . . ." (emphasis supplied). Recently this court saw fit to review the facts of a Tax Court decision, where all the facts had been before the lower court, and to enter its own decision without requiring a rehearing. Teichner v. Commissioner of Internal Revenue, 453 F.2d 944 (2d Cir. 1972). In this case, however, we believe the fairest course to be to remand the case for consideration of all relevant evidence possessed by appellant.

Reversed and remanded.