PETE JAMES ENTERPRISES, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pete James Enterprises, Inc. v. Commissioner
Docket No. 10895-77.
United States Tax Court
T.C. Memo 1978-243; 1978 Tax Ct. Memo LEXIS 272; 37 T.C.M. (CCH) 1045; T.C.M. (RIA) 78243; June 29, 1978, Filed *272 Held: Respondent's motion to dismiss for lack of jurisdiction because petition not timely filed granted. Petition received by Court 7 days late. Envelope in which petition was mailed bore a timely private postage meter date but it also bore a United States Postal Service postmark that was 1 day late. The United States postmark date is controlling.Sec. 301.7502-1(c)(iii)(b), Proced. & Admin. Regs. Louis M. Lookofsky, for the petitioner. Kenneth G. Gordon, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This case is before the Court on respondent's motion to dismiss for *273 lack of jurisdiction because the petition was not timely filed. At the hearing evidence was received in the form of testimony from counsel for petitioner who prepared and mailed the petition, and the parties were given the opportunity to file briefs. The statutory notice of deficiency was mailed to petitioner on July 25, 1977. The 90-day period during which a petition to this Court must be filed expired on Sunday, October 23, 1977. The following Monday, October 24, 1977, was a legal holiday in the District of Columbia. Consequently, the period during which the petition had to be filed in order to be timely was extended until Tuesday, October 25, 1977. Sec. 6213(a), I.R.C. 1954. According to the testimony received, counsel for petitioner completed preparation of the petition to this Court around 9:30 or 10:00 p.m. on October 25, 1977, in his Beverly Hills, Calif., office. Counsel stamped the properly addressed envelope containing the petition with a private postage meter located in his offices with the postmark date October 25, 1977. Counsel then left his offices and placed the envelope in the mail box located in the same building prior to midnight. Counsel did not know *274 the time of the last mail pickup in the building. The envelope was postmarked by the United States Postal Service in the p.m. of October 26, 1977. The petition was received by this Court at its Washington, D.C., address at 9:04 a.m. on October 31, 1977--seven days after the last date prescribed for timely filing of taxpayer's petition. Petitioner believes that the issue to be resolved is whether the 7-day interval between deposit in the mailbox and receipt by the Tax Court precludes timely filing of the petition. However, this argument assumes that the controlling postmark is the one made by the private postage meter and not the postmark made by the United States Postal Service. Respondent argues that the petition was not timely filed because the petition was not mailed until the day after the last date prescribed for timely filing of this petition. With some reluctance we must agree with respondent's contention. [1]
*275 Section 7502, I.R. C. 1954, provides in pertient part that: (a) General Rule.-- (1) Date of delivery.--If any* * * document required to be filed * * * within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by the United States mail to the * * * office with which such * * * document is required to be filed, * * * the date of the Unted States postmark stamped on the cover in which such * * * document * * * is mailed shall be deemed to be the date of delivery* * *. (2) Mailing requirements.--This subsection shall apply only if-- (A) the postmark date falls within the prescribed period or on or before the prescribed date-- (i) for the filing (including any extension granted for such filing) of the * * * other document * * * (B) the return * * * document * * * was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the * * * office with which the * * * document is required to be filed * * *. (b) Postmarks.--This section shall apply in *276 the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations prescribed by the Secretary. Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., states that "[if] the envelope [containing the petition] has a postmark made by the United States [Postal Service] in addition to the postmark not so made, the postmark which was not made by the United States [Postal Service] shall be disregarded, and whether the envelope was mailed in accordance with this subdivision shall be determined solely by applying the rule of (a) of this subdivision." Section 301.7502-1(c)(1)(iii)(a), Proced. & Admin. Regs., states that: If the postmark on the envelope * * * is made by the United States [Postal Service], such postmark must bear a date on or before the last date, or the last day of the period, prescribed for filing the document. If the postmark does not bear a date on or before the last date, or the last day of the period, prescribed for filing the document, the document will be considered not to be filed timely, regardless of when the document was deposited in the mail. * * * The regulations promulgated by the *277 Commissioner pertaining to privately-metered mail are legislative in nature and they must be given effect unless they are inconsistent with the statute or unless they adopt arbitrary or unreasonable means of carrying out the legislative purpose. Fishman v. Commissioner,51 T.C. 869, 872 (1969), affd. per curiam 420 F. 2d 491 (2d Cir. 1970). As noted in Fishman, the regulations do not conflict with the statute since the delegation of rule-making power in section 7502(b), I.R.C. 1954, is both broad and unequivocal. And because of the unreliability of the postmark date on metered mail, the requirement in the case of conflicting postmarks that the postmark of the United States Postal Service controls cannot be said to be an arbitrary and unreasonable means of ascertaining the date of delivery. While it may have been a hardship for petitioner's counsel to take the envelope containing the petition to the post office at that time of night to make certain that a United States Postal Service postmark dated October 25 was stamped on the envelope, or a registered or certified mail receipt, the possibility of untimely filing is a risk the sender takes if he *278 fails to do so. Sec. 301.7502-1(c)(1)(iii)(a), Proced. & Admin. Regs. The requirement that a petition must be timely filed in this Court is a jurisdictional requirement that cannot be extended, Healy v. Commissioner,351 F. 2d 602 (9th Cir. 1965); Rich v. Commissioner,250 F. 2d 170 (5th Cir. 1957); Perkins v. Commissioner,T.C. Memo. 1977-158, and we find no way to circumvent it in this instance. Under the regulations above quoted the United States Postal Service postmark on the envelope in which this petition was mailed is controlling, and that postmark clearly bore a date (October 26, 1977) 1 day after the last day for filing a timely petition. Consequently, the petition in this case was not timely filed as required by section 6213(a), I.R.C. 1954. As a result, the Tax Court does not have jurisdiction, and respondent's motion must be granted. An appropriate order will be entered. Footnotes
1. Hopefully petitioner will be able to pay the deficiency determined by respondent and file an action for refund of the amount so paid in the United States District Court or the United States Court of Claims in order to obtain a judicial determination on the merits of the rather unusual issue involved.↩