T.C. Memo. 1996-170


UNITED STATES TAX COURT


BEATRICE APPIAH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17995-95.                    Filed April 3, 1996.


<u>William G. Davidson III</u>, for petitioner.

<u>Peter Reilly</u> and <u>Alan R. Peregoy</u>, for respondent.


MEMORANDUM OPINION


DAWSON, <u>Judge</u>:  This case was assigned to Chief Special
Trial Judge Peter J. Panuthos pursuant to the provisions of
section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court

---

[1]  All section references are to the Internal Revenue Code
in effect for the year in issue, unless otherwise indicated.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction.  The facts pertinent to the disposition of this matter are summarized below.

On August 10, 1994, Beatrice Appiah (petitioner) and her estranged husband, Francis Appiah, executed a Form 2848 (Power of Attorney and Declaration of Representative) appointing William G. Davidson III as their attorney in fact regarding their Federal income tax liability for the taxable years 1989, 1990, 1991, and 1992.

On January 10, 1995, petitioner executed a Form 8822 (Change of Address) indicating that her address was changing from 11700 Old Columbia Pike, #708, Silver Spring, Maryland 20904 (the Silver Spring address) to P.O. Box 17, Asankrangwa, Ghana, West Africa (the Ghana address).[2]  The Ghana post office box belongs to petitioner's parents.  Petitioner traveled to Ghana on January 11, 1995, where she stayed with her parents until she returned to the Silver Spring address on March 30, 1995.

On April 14, 1995, respondent mailed duplicate original joint notices of deficiency to petitioner and her estranged

---

[2]  The record does not disclose the exact date when petitioner filed her Form 8822 with the Internal Revenue Service.

husband, determining a deficiency of $9,212 in their Federal income tax for 1989 as well as penalty under section 6662(a) in the amount of $1,842.[3]  The deficiency notice was mailed to:  (1) The Silver Spring address; and (2) the Ghana address.[4]  On the same date, respondent mailed a copy of the notice of deficiency to petitioner's counsel, William G. Davidson III, pursuant to the above-described Power of Attorney.

On April 18, 1995, after receiving notification from the post office that a piece of certified mail was being held for her, petitioner went to the post office and accepted delivery of the notice of deficiency mailed to the Silver Spring address. Upon receipt of the notice of deficiency, petitioner contacted Mr. Davidson, who informed her that he had received a copy of the notice of deficiency.

A petition for redetermination, signed by Mr. Davidson on petitioner's behalf, was hand delivered to the Court on September 12, 1995, and was filed by the Court the same day.[5]

As indicated, respondent filed a Motion to Dismiss for Lack of Jurisdiction.  Respondent moves for dismissal on the ground

---

[3]  The record shows that respondent first mailed a notice of deficiency to petitioner for 1989 on Feb. 2, 1995.  Respondent concedes that this notice is invalid for purposes of sec. 6212(a).

[4]  We observe that, in mailing the notice of deficiency to the Ghana address, respondent misspelled the name of the town in Ghana as Asankrangiva as opposed to Asankrangwa.

[5]  At the time the petition was filed, petitioner resided at the Silver Spring address.

that the petition was not filed within either the 90- or 150-day period prescribed under section 6213(a).

Petitioner filed an objection to respondent's motion to dismiss. Petitioner's primary contention is that the petition was timely filed within the 150-day period prescribed in section 6213(a).

This matter was called for hearing in Washington, D.C. Counsel for both parties appeared at the hearing and presented argument on the pending motion. In addition, petitioner provided testimony regarding the circumstances surrounding her receipt of the notice of deficiency mailed to the Silver Spring address.

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside the United States) from the date the notice of deficiency is mailed to file a petition in

this Court for a redetermination of the deficiency.  Sec. 6213(a).

However, a notice of deficiency is not invalid merely because it is not sent to the taxpayer's last known address.  In particular, an otherwise erroneously addressed notice of deficiency remains valid under section 6212(a) if actually received in sufficient time to permit the taxpayer, without prejudice, to file a timely petition for redetermination.  See Mulvania v. Commissioner, 81 T.C. 65, 67-69 (1983) (erroneously addressed notice held valid in light of actual receipt by the taxpayer 16 days after it was mailed), affd. 769 F.2d 1376 (9th Cir. 1985); see also Patmon & Young Professional Corp. v. Commissioner, 55 F.3d 216, 217 (6th Cir. 1995), affg. T.C. Memo. 1993-143; Balkissoon v. Commissioner, 995 F.2d 525, 528-529 (4th Cir. 1993), affg. T.C. Memo. 1992-322.[6]

There arguably are lingering questions in this case in regard to whether the notice of deficiency was mailed to petitioner's correct last known address and whether petitioner is entitled to the 90- or 150-day period under section 6213(a) to file her petition with this Court.  Nonetheless, the record, as developed at the hearing in this case, shows that petitioner personally received the notice of deficiency mailed to the Silver Spring address on April 18, 1995, 4 days after it was mailed.

---

[6]  Cf. Mulvania v. Commissioner, 769 F.2d 1376 (9th Cir. 1985), affg. T.C. Memo. 1984-98.

Consistent with cases such as <u>Mulvania v. Commissioner</u>, <u>supra</u>, we hold that petitioner received the notice of deficiency with ample time to file a timely petition for redetermination.[7]  Moreover, even assuming that petitioner is entitled to the 150-day period prescribed in section 6213(a) for filing her petition with this Court (a matter that we need not and do not decide), the petition in this case was hand delivered to the Court and filed on September 12, 1995, a date that falls 151 days after the mailing of the deficiency notice.  See Rule 25(a); <u>McGuire v. Commissioner</u>, 52 T.C. 468 (1969).

Petitioner argues that September 12, 1995, represents the 150th day rather than the 151st day.  Petitioner begins by counting the day after the date of mailing as the first day (April 15, 1995).  She then indicates that April 15 is the 105th day of the year and adds 150 days to that date to get to the 255th day of the year 1995 (September 12).  Accordingly, petitioner concludes that September 12, 1995, is the 150th day after the mailing of the notice of deficiency.

Petitioner's computation is not correct.  While it is accurate to count as the first day, the day after the notice of

---

[7]  The Court of Appeals for the Fourth Circuit distinguished <u>Balkissoon v. Commissioner</u>, 995 F.2d 525 (4th Cir. 1993), affg. T.C. Memo. 1992-322, from <u>Powell v. Commissioner</u>, 958 F.2d 53, 56 (4th Cir. 1992), revg. and remanding an order of this Court.  In <u>Powell</u>, the Court of Appeals found that the notice of deficiency was not delivered to or received by the taxpayers.  In <u>Balkissoon</u>, as in this case, the taxpayer received the notice of deficiency in ample time to file a petition.

deficiency is mailed (April 15, 1995), by adding 150 days from April 15 petitioner has effectively added an additional day. More accurately, the 150-day period is computed as follows:

Notice of deficiency mailed on April 14, 1995

| Days Remaining | Number of Days |
|---|---|
| April 15 through 30 | 16 |
| May 1 through 31 | 31 |
| June 1 through 30 | 30 |
| July 1 through 31 | 31 |
| August 1 through 31 | 31 |
| Subtotal | 139 |
| September 1 through 11 | 11 |
| Total | 150 |

Thus, the 150th day after the mailing of the notice of deficiency on April 14, 1995, is September 11, 1995.

In sum, petitioner failed to file her petition in a timely manner, and, therefore, we will grant respondent's motion to dismiss for lack of jurisdiction.[8]

To reflect the foregoing,

An order granting respondent's motion to dismiss for lack of jurisdiction will be entered.

---

[8] Although petitioner cannot pursue her case in this Court, she is not without a remedy. In short, petitioner may pay the tax, file a claim for a refund with the Internal Revenue Service, and, if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims. See McCormick v. Commissioner, 55 T.C. 138, 142 (1970).