**William F. MAXWELL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV.A.1:98–CV2713JOF.**

United States District Court,
N.D. Georgia.
Atlanta Division.

Aug. 3, 2000.

William F. Maxwell (Pro se), Duluth, GA, for Plaintiff.

Robert David Powell, Assistant United States Attorney, Atlanta, GA, Maggie O'Shaughnessy, United States Department of Justice, Tax Division, Washington, D.C., for Defendant.

## ORDER

FORRESTER, District Judge.

This matter is before the court on Defendant's motion for summary judgment [15–1] and Plaintiff's cross motion for summary judgment [17–1].

### I. Statement of the Case

Plaintiff William F. Maxwell filed the instant action against the United States in an attempt to obtain a refund of federal income taxes collected for tax years 1994, 1995, 1996 and 1997. This court entered an Order on August 3, 1999 in which it dismissed all but one of Plaintiff's claims. Remaining before the court is Plaintiff's claim that the IRS, in computing his taxable income for tax year 1994, failed to take into account personal exemptions available under 26 U.S.C. § 151 and erroneously computed his income derived from the sale of stock.

After obtaining an extension of time in which to file, Defendant filed a motion for summary judgment as to Plaintiff's remaining claim on November 23, 1999. Plaintiff filed a response to Defendant's motion along with a cross motion for summary judgment on December 15, 1999. As noted by Defendant, Plaintiff's motion for summary judgment is untimely as it was filed without the court's permission outside the twenty-day period set forth in Local Rule 56.1C. The court may accordingly deny Plaintiff's motion as untimely filed. As explained below, however, the court finds that the motion also fails on its merits.

*Undisputed Facts*

The following facts, taken from Defendant's and Plaintiff's statements of material facts to which there exists no genuine issue to be tried, are deemed undisputed pursuant to Local Rule 56.1B(2).

Plaintiff did not file a federal income tax return for tax year 1994. The IRS instead prepared a substitute return for Plaintiff for 1994. On this substitute return, Plaintiff was given one personal exemption but was not given credit for any dependents. (Def.'s Ex. 2).

Plaintiff was married to Louise Maxwell in 1994. (Maxwell Depo. at 4). In 1994, Christy Pruett, the daughter of Louise Maxwell, lived in the Maxwell household. (Id. at 9–11). In 1994, Pruett was 14 years old. (Id.). Plaintiff maintained and supported Pruett by providing her with food, shelter, clothing, and education during 1994. (Maxwell Decl. at ¶ 3). Although he received correspondence from the IRS regarding the 1994 tax year and appropriate assessments, Plaintiff did not provide the IRS with any information regarding Pruett in relation to the 1994 tax year and his claim for a refund. (Maxwell Depo. at 24).

Plaintiff sold stock in 1994, but the substitute return prepared by the IRS did not tax him for the sale of stock. (Def.'s Ex. 2).

## II. Discussion

Plaintiff claims that he was wrongfully denied a personal exemption for dependents available under 26 U.S.C. § 151(c) and that the IRS improperly calculated income derived from the sale of stock on his 1994 return. The undisputed facts show that no income from the sale of stock was included in Plaintiff's income for 1994. Plaintiff has not contested this fact in his opposition to Defendant's motion for summary judgment and appears to have abandoned the sale of stock issue. Defendant's motion for summary judgment is accordingly GRANTED as to Plaintiff's claim

that the IRS improperly calculated his income based upon the sale of stock.

The key dispute in the instant case concerns the matter of whether Defendant was entitled to, and wrongfully denied, a dependent exemption for his stepdaughter pursuant to 26 U.S.C. § 151(c).

Section 151 provides:

(a) Allowance of deductions.—In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income.

\* \* \* \* \* \*

(c) Additional exemption for dependents.—

(1) In general.—An exemption of the exemption amount for each dependent (as defined in section 152)—

(A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than the exemption amount, or

(B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student who has not attained the age of 24 at the close of such calendar year.

26 U.S.C. § 151. "Child" is defined for purposes of 26 U.S.C. § 151(c)(1)(B) to mean "an individual who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the taxpayer." 26 U.S.C. § 151(c)(3).

The "exemption amount" allowed by § 151(c) is generally defined to mean $2,000. 26 U.S.C. § 151(d)(1). However, the exemption amount is disallowed in the case of certain dependents as follows:

In the case of an individual with respect to whom a deduction under this section is allowable to another taxpayer for a taxable year beginning in the calendar year in which the individual's taxable year begins, the exemption amount ap-

plicable to such individual for such individual's taxable year shall be zero.

26 U.S.C. § 151(d)(2).

The term "dependent" is generally defined to mean:

> any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer):
>
> (1) A son or daughter of the taxpayer, or a descendant of either,
>
> (2) A stepson or stepdaughter of the taxpayer, . . .
>
> (9) An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to section 7703, of the taxpayer) who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household.

26 U.S.C. § 152(a). Section 162 also provides for "multiple support agreements" as follows:

> For purposes of subsection (a), over half of the support of an individual for a calendar year shall be treated as received from the taxpayer if—
>
> (1) no one person contributed over half of such support;
>
> (2) over half of such support was received from persons each of whom, but for the fact that he did not contribute over half of such support, would have been entitled to claim such individual as a dependent for a taxable year beginning in such calendar year;
>
> (3) the taxpayer contributed over 10 percent of such support; and
>
> (4) each person described in paragraph (2) (other than the taxpayer) who contributed over 10 percent of such support files a written declaration (in such manner and form as the Secretary may by regulations prescribe) that he will not claim such individual as a dependent for

any taxable year beginning in such calendar year.

26 U.S.C. § 152(c).

It is evident from the record and the undisputed facts that Plaintiff made no attempt to claim an exemption for his stepdaughter as a dependent on his 1994 return and made no reference to such an exemption in response to correspondence from the IRS regarding the collection of income tax for 1994. Plaintiff has offered his own declaration which states that he has "maintained and supported" his stepdaughter and that he has provided her with food, shelter, clothing, and education. (Maxwell Decl.). Plaintiff has failed to offer, however, any facts or argument to establish that his stepdaughter could have been claimed as a dependent for purposes of 26 U.S.C. §§ 151(c) and 152 in tax year 1994. He has not obviated the possibility that another taxpayer could have claimed his stepdaughter as a dependent or that his deduction would have been disallowed under the multiple support agreement provision.

Plaintiff bears the burden of proving his entitlement to a refund under 26 U.S.C. § 7422(a). *See Webb v. Internal Revenue Service of the United States,* 15 F.3d 203, 205 (1st Cir.1994). Plaintiff also bears the burden of proving the existence of circumstances giving rise to the dependent exemption. *See Rezazadeh v. Commissioner of Internal Revenue,* 356 F.2d 898, 900 (7th Cir.1966); *Fearing v. Commissioner of Internal Revenue,* 315 F.2d 495, 496 (8th Cir.1963). Further, the return prepared by the IRS for Plaintiff's tax year 1994 is "prima facie good and sufficient" for all legal purposes. 26 U.S.C. § 6020(b)(2). Thus, the assessment made against Plaintiff is prima facie valid as to its amount. *See Lucia v. United States,* 447 F.2d 912, 919 (5th Cir.1971).

The court finds that Plaintiff has failed to meet his burden of proving the existence of circumstances giving rise to the dependent exemption and his conse-

quent entitlement to a refund under 26 U.S.C. § 7422(a). Defendant is accordingly entitled to summary judgment on Plaintiff's final claim.

## III. Conclusion

In accordance with the foregoing, Plaintiff's motion for summary judgment [17–1] is DENIED and Defendant's motion for summary judgment [15–1] is GRANTED.